## J. P. McARTHUR AND OTHERS v. ELIZABETH HENRY AND OTHERS.

1. The rule that motions in this court for a rehearing must be acted on by the court during the same term at which the judgment was rendered has been adhered to with much uniformity, and it will not be relaxed unless strong equities are adduced, and ample reasons shown why action upon the motion was not obtained from the same bench which rendered the judgment.

2. If a motion for a rehearing was filed at the same term at which the judgment was rendered, but there was not a qualified quorum of the court present to decide the motion when it was filed, nor at any subsequent period of that term, then the party would have a case addressing itself to the equitable powers of the court, provided he promptly urged the motion at the first opportunity thereafter when there was a court which could have acted upon it; but if, after the filing of the motion, another entire term of the court was held by a bench competent to decide the motion, and was suffered to elapse without action on it being urged, or good reason shown why it was not urged, then the motion will not be entertained at a subsequent term.

XXXIV—9

The transcript of this cause, which was an action of trespass to try title, was brought up by appeal in 1861, but the appeal was not decided until October, 1869, when the judgment below was affirmed. This court was then composed of five justices, two of whom had recused themselves in this case. In December, 1869, pending the same term, the appellants filed their application for a rehearing; but it seems that at that time, and during the rest of the term, only three of the five justices were in attendance, and that one of them was one of the two who had recused themselves, so that there were in attendance only two justices competent to act upon the motion. The motion, by their order, was continued, but the mandate was suspended.

The cause stood in this attitude until the first of February, 1871, when

*Hancock & West*, for the appellees, moved to strike the cause from the docket, because judgment had been already rendered, and this court has no further control over the case.

*Thomas E. Sneed*, for appellant, filed an able argument against the motion to strike the cause from the docket, and in support of the application for a rehearing : It will be borne in mind that we have no statutory regulation limiting the authority of this court to control its own orders. Not so with respect to the district courts of the State. In the latter courts, we have a statute requiring all motions, including motions for new trials and in arrest of judgments, to be determined at the term at which they are made. (See Paschal's Digest, article 1473.) The case of McKean v. Ziller, (9 Texas R., 59,) has no application to this case, for that case only considers the authority of the district court to control its orders after the term when made, under the statute referred to.

The case of Chambers v. Hodges, (3 Texas R., 528,) referred to by counsel for appellees, is not analogous to this case. In that case an application for rehearing was made in this court at the

next term of this court after the judgment of affirmance was rendered, and this court decided that it had no authority to control or revise its orders on an application made after the term when rendered. That decision does not rest on any statute limiting the authority of this court to revise or control its orders, but on the general principle that courts lose their powers to correct their own errors after the term at which the order or judgment was rendered involving the error:

In this case, it is claimed for the appellants that the authority of this court attached, to now revise the decision rendered herein, at the last term of this court, by reason of the application for rehearing having been made at the term when the decision was rendered; and especially when the mandate was suspended at the last term, and the application for rehearing continued by order of the court.

If it can be said that the two justices who made the order at the last term, suspending the mandate and continuing the application for rehearing, were not a legal court and had not the authority to make such an order, it must be so only because the two members did not constitute a quorum of a constitutional bench; and this would only be a more cogent reason why this court ought now to consider the application for rehearing.

Oɢᴅᴇɴ, J.—The motion to dismiss this cause from the docket must be sustained. The rule that all motions for a rehearing must be made and acted on by the court during the term at which the judgment was rendered, has been so uniformly adhered to that we are of the opinion that it is no longer a matter of discretion; and we are disinclined to entertain such a motion, at least until we find a cause presenting stronger equities than the one at bar. The appellant's answer shows that on the eighteenth day of October, 1869, the judgment of the court below was affirmed. But there is no sufficient reason given why the motion for a rehearing was

not made and urged immediately on the affirmance, and before the same court and judges that affirmed the judgment of the lower court; and we can see no good reason why the court that affirmed the judgment might not have granted a rehearing. But, admitting that at the time of filing the motion there was not a quorum of the court present who were qualified to act on the motion, then the appellant would have a cause addressing itself to the equitable powers of the court, had the motion been promptly urged at the first opportunity when there was a court that could have acted upon it. But an entire session of the court was held here in the spring and summer of 1870, and with a quorum of the court qualified to have acted on the motion, and yet there was no action had, and, so far as is now known, no action was sought until the present time. This court will, therefore, now presume that the court, or the judges thereof, did consider the motion and refuse to grant a rehearing. The motion is therefore refused and dismissed.

Motion overruled.