THE STATE OF IOWA V. MARION CHANEY, Appellant.

**Adultery:** *Insufficient testimony.* Defendant and a married woman often attended places of entertainment and went to the state fair together, but others accompanied them on some of the occasions, and were seen frequently together until late hours at night; occupied rooms at a hotel, separated by a hall; were seen together in the room of each on four occasions, on two of which the door was left open, and on the other two occasions the defendant was sick, or the woman was doing domestic duties, for which she was employed at the hotel; and on one occasion some one was heard to leave the woman's room at a late hour in the night, and to go to defendant's room, which at the time was occupied by defendant and his father. After leaving the hotel, the woman was frequently visited by defendant, but the visits might have been frequently interrupted by persons passing in and out. The testimony was that the woman appeared pregnant afterwards, which fact was denied by other witnesses. The husband, from whom the woman was separated, testified to non access, and defendant denied coition with her. *Held*, that the evidence was insufficient to support a conviction of adultery.

*Appeal from Dallas District Court.*—HON. JAMES D. GAMBLE, Judge.

TUESDAY, JANUARY 16, 1900.

DEFENDANT was indicted for the crime of adultery. From a judgment of conviction, he appeals.—*Reversed.*

*White & Clark* for appellant.

*Milton Remley,* Attorney General and *Chas. A. Van Vleck,* Assistant Attorney General for the State.

WATERMAN, J.—The principal ground of complaint is that the verdict has not sufficient support in the evidence. The crime is charged as having been committed with one Agnes West, a married woman. Agnes West had left her husband, some three years before the time of the trial,

because of being found in a compromising situation with the hired man. She then went into domestic service in Adel. During a period more than eighteen months prior to the finding of the indictment she worked at a hotel, where defendant was also employed for a time. The two were on very friendly terms, having been long acquainted. They were out together frequently, at nights, until late hours; went driving, and to parties, dances, and to the State Fair; though on some of these occasions they were accompanied by other persons. Their rooms were on the same floor of the building, separated by a hall. One night, very late, the landlady, who slept on the floor below, heard, as she supposes, some one come out of Mrs. West's room, and go into that of defendant. On cross-examination she says that all she is positive of is that some person—she cannot say who —passed through the hall above, and went into defendant's room. With no further light on the matter, it is doubtful if this circumstance should be allowed any weight against defendant. But it is shown that his father was rooming with him at this time, and it does not appear but there were other persons occupying rooms on this floor. On one or more occasions defendant was seen in Mrs. West's room with her, but the door was always left open at such times, and his stay was very brief. Twice Mrs. West was seen in defendant's room when he was there also. On one of these occasions he was ill, and she went to see if his wants were supplied,—first telling the landlady that she intended doing so; and on the other occasion she was making his bed in the morning, as it was her duty to do. This conduct in the hotel occurred, as we have said, more than eighteen months prior to the finding of the indictment, and was admissible only as tending to characterize the intimacy between the parties thereafter. After leaving the hotel, Mrs. West took service in a private family. Here she was visited frequently by defendant. When he called, they occu-

pied the family sitting room, adjoining which, with an open transom between, was the bedroom of the lady of the house. His visits did not last later than 11 o'clock P. M., and were subject to interruption at any time by members of the family who had occasion to use or pass through the room. This, with the fact of their walking and driving together, is all that is shown during this period. About July 4, 1897, Mrs. West left Adel, and has not since been seen there. Several witnesses testify that her physical condition at this time indicated a state of pregnancy, and her husband testifies, without objection, to nonaccess. These opinions are founded upon her appearance only, and some among the state's witnesses, who saw her about the same time, and had equal opportunities of observation, discovered nothing unusual in her apparent condition. But, if she was in fact pregnant at this time, we have no more than proof of opportunity on defendant's part to warrant us in fastening the crime upon him. He flatly denies the charge. There is no fact shown that cannot be reconciled with his innocence. While direct proof of the act of intercourse is not required in cases of this nature, it is necessary that the circumstances shown be inconsistent with innocent conduct. Even in civil cases we have held facts stronger than those here shown to be insufficient to sustain a charge of adultery. *Aitchison v. Aitchison,* 99 Iowa, 93; *Carlisle v. Carlisle,* 99 Iowa, 247. We are not inclined to say that defendant may be convicted of a felony upon a showing of facts which would not be enough to establish the charge of adultery in an action for a divorce. —REVERSED.

GRANGER, C. J., not sitting.