STATE OF IOWA v. WILLIAM SCHAEDLER, Appellant.

**Adultery:** *Conviction sustained.* An officer with a warrant for the arrest of defendant, a married man, and a woman, called at their lodging house late at night, and searched the room of the woman, and found her, but not the defendant; but shortly thereafter the officer, thinking that he saw some one going into her room, broke open the door, and found the woman and defendant, partly dressed. *Held,* that such evidence, in connection with the fact that defendant had paid unusual attentions to the woman, was sufficient to sustain a conviction of adultery.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

SATURDAY, APRIL 12, 1902.

PROSECUTION for adultery.  From a judgment on conviction, defendant appeals.—*Affirmed.*

*Ewing & Ewing* for appellant.

*Vincent Zmunt, Chas W. Mullan,* Attorney-General, and *Chas A. Van Vleck,* Assistant Attorney-General, for the state.

McCLAIN, J.—Defendant, a married man, is charged with committing adultery with an unmarried woman, and the court directed the jury that they should limit their inquiry as to the commission of the crime to a certain date. There was evidence tending to show that on that date, and late at night, an officer with a warrant for the arrest of the parties called at the house where the defendant and the woman each had lodging rooms on the second floor, there being no other lodging rooms on that floor; that when the officer was admitted by the members of the family living in the house, and who occupied the first floor, he was shown upstairs, and knocked at the door of the room where the woman lodged.  Searching that room, he found no one there except the woman, but while searching the other room he thought he saw someone else go into the woman's lodging room, and re-entering that room, by breaking open the door, he fund therein the woman and the defendant, the latter only partially dressed, and he then made the arrest of defendant, who put on his clothing in that room.  These circumstances indicating that the two had been together in the room before the officer made his appearance, together with the fact, well established, that the defendant had paid such marked attentions to the woman as are unusual on the part of a married man to an unmarried woman, would be sufficient, we think, to justify a finding by the jury that adultery had been committed by the parties not long prior to the arrest.  It is true that witnesses for the defendant make some explanations of the circumstances, and that, if they are to be believed,

adultery was not committed at that time, but the weight of the evidence and the credibility of the witnesses was for the jury. Counsel for appellant relies on *Aitchison v. Aitchison*, 99 Iowa, 93, and *State v. Wiltsey*, 103 Iowa, 54, in each of which it appeared that the parties indulged in manifestations of affection for each other which were improper under the circumstances, and he argues that, as in those cases such improper conduct was not held sufficient to justify a finding of guilt, so here the mere fact of an apparently compromising situation was not enough to sustain a conviction. But bearing in mind the fact that there was evidence in this case which would support a finding that defendant and the woman in question had been together in her bedroom shortly before the visit of the officer, and that he was at that time at least partially undressed, we think the distinction between this case and the cases cited is plain. In the *Aitchison Case* it was for the court to determine as a question of fact, in a trial *de novo,* what conclusion should be reached from the evidence, while in this case the question was for a jury, and we have only to determine whether there was any evidence to support the verdict. In the *Wiltsey Case* there was no such evidence as there is here of intention and opportunity to commit the crime.—AFFIRMED.