STATE OF IOWA v. ANDREW P. THOMPSON, Appellant.

**Adultery:** SUFFICIENCY OF EVIDENCE: INSTRUCTIONS. Mutual disposition of the parties with no proof of intercourse other than opportunity will not support a finding of adultery; and the error of instructions, permitting such a finding from mere proof of mutual disposition and opportunity, is not cured by a further charge that to establish illicit intercourse the evidence must be inconsistent with any reasonable hypothesis of innocence.

Evidence held insufficient to establish adultery.

*Appeal from Harrison District Court,*— HON. N. W. MACY, Judge.

TUESDAY, APRIL 2, 1907.

THE defendant appeals from a judgment convicting him of the crime of adultery.— *Reversed.*

*C. W. Kellogg,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

LADD, J.— The indictment was filed October 7, 1905, and appellant contends that the evidence was not sufficient to support a finding that he had had sexual intercourse with Anna Christensen, the wife of the prosecutor, within eighteen months prior to that date. The accused and the prosecuting witness are cousins, and came to this county from Denmark about eighteen years previous to the trial. The families had lived near neighbors and were intimate. The wife of the defendant died in 1901. Shortly afterwards the accused moved some three and one-half miles distant, and later on a farm not far from Missouri Valley, and then into that city. The prosecutor's wife left him in August, 1902. Prior thereto no improper relations between the defendant and Mrs. Christensen were proven, unless the friendly act of paring her corns in the presence of the children, noticed by the prosecutor upon his return from milking the cows one evening, and the fact that he stopped the binder long enough to enter the house, upon her invitation, to eat an apple, be regarded as such. True he shut the door after him, and she was lying on the lounge, having been in ill health for some time. But surely this was scarcely enough to arouse a well-grounded suspicion. Thereafter they were shown to have been together with more or less frequency until their separate departure for the State of Washington in May, 1905. There was no direct proof of any criminal relations between them. The most that can be said is that the jury might have found that they were so disposed previous to, and that they had opportunity to indulge their passions within, eighteen months prior to the finding of the indictment. The only showing of opportunity was that defendant was at the house of Mrs. Christensen in Missouri Valley several times within the period stated, and always in the evening; but he does not appear to have remained until

a late hour, and there was no evidence other than this of disposition or opportunity within the statutory period of limitation.   Both Mrs. Christensen and defendant positively denied the charge against them, and there was no evidence introduced save that stated.

Under these circumstances, the court instructed the jury, in the fifth paragraph of the charge, that:. " The fact of illicit intercourse may be established in two ways:  First, by direct proof of the act of such intercourse; and, second, by showing a disposition upon the part of the man to have illicit intercourse with the woman, and a disposition upon the part of the woman to have illicit intercourse with the man, and an opportunity to gratify such mutual disposition to have illicit intercourse with each other."  In the sixth paragraph the jury were told, in substance, that there was no direct proof, and, that the State relied on circumstantial evidence, to establish mutual disposition and opportunity, and in the seventh paragraph that if, from the conduct and relations of the persons accused with each other, they were satisfied " beyond a reasonable doubt that the defendant had a disposition to have sexual intercourse with the said Anna Christensen, and the said Anna Christensen had a disposition to have illicit intercourse with the defendant, and you further find from the testimony that the State has shown such facts and circumstances surrounding the defendant and the said Anna Christensen, their conduct and relations with each other, as satisfy you beyond a reasonable doubt that the defendant and the said Anna Christensen had an opportunity to gratify such mutual disposition to have illicit sexual intercourse with each other, that will be sufficient upon this point, and you should accordingly find that the State has made out such act of intercourse; but if you find from the evidence that the State has failed to so make out such disposition on the part of either or both of such parties, or if you find the State has failed to so make out an opportunity to commit the act then in either of such events you should

find against the State upon this question." This was followed by the usual instruction concerning circumstantial evidence; that is: " To make out the fact of illicit intercourse by showing a disposition to commit the act, the facts and circumstances disclosed in the evidence must be inconsistent with any other reasonable hypothesis or conclusion except that of·his guilt. If the evidence is as capable of interpretation which makes it consistent with the innocence of the accused as of one consistent with his guilt, the meaning should be ascribed to the evidence which accords with his innocence, rather·than that which imputes to him a criminal intent; and in this case the facts and circumstances upon which the State relies to establish the act of illicit sexual intercourse as alleged must be inconsistent with any reasonable explanation, except upon the theory that the defendant did commit the act of adultery as charged. In this connection, however, you are instructed that adultery is primarily and ordinarily a crime committed in secret, and must ordinarily be made out by circumstantial evidence."

It will be observed that this last paragraph does not modify the rule as announced in the three preceding; for, while it advised that the finding of guilty must be inconsistent with any other reasonable hypothesis except of guilt, the jury had the right to understand from those preceding it that mutual disposition to have sexual intercourse and opportunity to indulge such disposition, without more, might and should be found inconsistent with any reasonable hypothesis of innocence. Indeed, the seventh paragraph explicitly directed the jurors that, upon finding such mutual disposition and opportunity, they " should accordingly find that the State has made out such act of intercourse." The rule as stated may be applicable to animals controlled by instinct, but not to men endowed by reason and capable of exercising moral restraint. Though having the propensity or disposition to commit crime and ·the opportunity to do so, the law of the country, to say noth-

ing of the obligations to society, may well be presumed to deter citizens from its infraction, and surely the presumption of innocence should prevail until something more tangible than proof of the mere inclination to sin and the chance to commit it is forthcoming. By " disposition," according to the lexicographers, is meant the tendency, bent, propensity, or inclination for or toward a particular thing. This may exist without the intent or design of doing it. Indeed, it may, and is quite as likely to, be accompanied with the distinct determination not to give way to the inclinations of nature, and this is especially true when the act is immoral or prohibited by law. The doctrine that the unlawful thought or purpose alone is not enough is fundamental. The act must have followed. The two combined constitute crime. However evil a man's inclination or intentions even may be, they are not denounced as public offenses. Before they may be punished as such, they must have been carried out and evidenced by a prohibited act. 1 McClain's Crim. Law, sections 127, 222. This is illustrated in the cases holding that in crimes such as adultery, requiring the concurrence of two individuals, solicitation of one does not constitute an attempt even to commit the crime. See *State v. Butler,* 8 Wash. 194 (35 Pac. 1093, 25 L. R. A. 434, 40 Am. St. Rep. 900); *Smith v. Com.,* 54 Pa. 209 (93 Am. Dec. 686); *State v. Goodrich,* 84 Wis. 359 (54 N. W. 577). Nor does proof of opportunity alone tend to establish the commission of an offense. Undoubtedly, it is an important circumstance in the proof as is recognized by the consideration given to evidence of alibi; but by all the authorities, standing alone, it does not tend to prove the offense charged, or to connect the accused with the commission of the offense, even where the *corpus delicti* has been fully proven. *State v. Kissock,* 111 Iowa, 690; *State v. Wheeler,* 116 Iowa, 212; *State v. Chapman,* 88 Iowa, 254; *State v. Painter,* 50 Iowa, 317; *State v. Araah,* 55 Iowa, 258.

The necessary deduction from these observations is that

the crime of adultery may not be inferred from the mutual disposition of the accused and another to have sexual intercourse, when coupled with no other proof save that of the opportunity to. indulge therein. It may be that he that " looketh on a woman to lust after her hath committed adultery with her already in his heart "; but, if so, such offense is against the moral code, rather than the law of the land. However wicked the heart, the law will not punish save for the overt act, and every citizen, whatever may be his propensities, is presumed to be allegiant to the law until the contrary is made to appear from tangible evidence. We do not say that this offense may not be established by circumstantial evidence, nor that the disposition of the parties accused toward each other and opportunity are not important circumstances to be considered by the jury. Quite the contrary rule has been repeatedly announced by this court. *State v. Ean,* 90 Iowa, 534; *State v. Hart,* 94 Iowa, 749; *State v. More,* 115 Iowa, 178; *State v. Schaedler,* 116 Iowa, 488. But the circumstances must be such as will lead the guarded discretion of a reasonable man to the conclusion that the offense has been committed. Whatever the disposition, the mere fact that the parties may have been in each other's company, under such circumstances that the act might have occurred, will not alone justify the conclusion that it actually did. There must be some circumstances, in addition to the disposition and opportunity, tending to rebut the presumption of innocence which continues until overcome by proof. Thus, in State v. More, *supra,* the parties were shown to have been caressing each other and in a compromising position on the very evening of the alleged act. In State v. Schaedler, *supra,* they were found in a bed-room partly undressed. In *Richardson v. State,* 34 Tex. 143, the man and woman had lived in the same room with but one bed for several months. In *Blackman v. State,* 36 Ala. 295, the accused was shown to have paid frequent visits at night to the female, and to have

been seen lying in bed with her.   In *Com. v. Clifford,* 145
Mass 97 (13 N. E. 345), an instruction that, " if a married
man is found with a woman not his wife in a room with a
bed in it, and stays through the night with her there, that is
sufficient to warrant a finding of adultery against her," was
approved.    In *Eldridge, v. State,* 97 Ga. 192 (23 S. E. 832),
the parties repeatedly stayed in a cabin with but one room
containing one bed only.    It will be observed that in each
of these cases the circumstances other than disposition and
opportunity strongly supported the inference of guilt which
was held to be sustained by the evidence.    See *State v.
Chancy,* 110 N. C. 507 (14 S. E. 780) ; *Com. v. Mosier,* 135
Pa. 221 (19 Atl. 943).

We have discovered no case in the books which sustains
the instruction of the court.    In *Weaver v. State,* 74 Ga.
376, the mere opportunity was held insufficient, although in
that case there had been no previous misconduct.    We are
of the opinion not only that the court misdirected the jury,
but that the evidence was insufficient to justify a conviction.
— *Reversed.*