STATE OF IOWA v. ED. TRACHSEL, Appellant.

**Adultery:** EVIDENCE: SUFFICIENCY. Disposition and opportunity alone are not sufficient to authorize conviction for adultery, but there must be circumstances inconsistent with any other reasonable hypothesis.
Evidence held insufficient to justify conviction.

*Appeal from Davis District Court.*—HON. FRANK W. EICHELBERGER, Judge.

TUESDAY, FEBRUARY 7, 1911.

THE defendant and Mrs. Blanche Snoddy were indicted for adultery committed March 2, 1910, the prosecution being instituted by the woman's husband. The prosecution having been dismissed as to Blanche Snoddy, the defendant was put on trial and convicted. From judgment on this conviction, he appeals.—*Reversed.*

*T. P. Bence,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

McCLAIN, J.—The evidence for the prosecution tended to show that defendant and Mrs. Blanche Snoddy, who had been the wife of the prosecuting witness for several years, went away together to Kansas about a year before the adultery charged in the indictment was alleged to have been committed, and had adulterous relations with each other; that Mrs. Blanche Snoddy returned to her husband, and was again living with him, when defendant also re-

turned from Kansas, and on the day on which the adultery is charged to have been committed met Mrs. Snoddy on the street corner, and proceeded with her toward the Chautauqua grounds consisting of a wooded tract of land outside the city limits; that a little girl saw them thus going off together, and, no doubt, prompted .by the fact that the previous relations of the parties were public property, went with the information to the house of Mrs. Blanche Snoddy's mother-in-law, where Blanche and her husband had been living, and that the mother-in-law with the little girl proceeded into the Chautauqua grounds, where they saw defendant and Blanche sitting on a log across a little hollow at the extreme end of the grounds in the woods, and from a quarter to a half a mile beyond the last house of the town in that direction; that the hollow was wet and muddy and the log was on higher ground beyond; that as the mother-in-law came near Blanche and defendant she talked with them, without charging any recent improper relations, and that all returned to town, where Blanche's husband, meeting them, accused defendant of taking his wife away from him the preceding summer and now having come back again, the substance of which charge was then denied by the defendant; that there was an interval of between half an hour and an hour between the time when defendant and Blanche were seen going into the Chautauqua grounds and the time when they were found by the mother-in-law sitting together on the log; and that Blanche declared to her husband a purpose to live with defendant.

Conceding that the evidence tended to show an adulterous disposition as between the parties, and a possibility that they might have had criminal relations on the occasion in question, it did not, we think, show even circumstantially that any criminal act had taken place. Mere disposition and opportunity are not alone sufficient. There must be circumstances inconsistent with any other reasonable hy-

pothesis showing the fact of criminal connection. *State v. Thompson,* 133 Iowa, 741; *State v. Wiltsey,* 103 Iowa, 54; *State v. Chaney,* 110 Iowa, 199; *Aitchison v. Aitchison,* 99 Iowa, 93.

The case before us is very plainly distinguishable from one where the parties are found together in the nighttime in a bedroom as in *State v. Schadler,* 116 Iowa, 488, for in such a case, in the absence of any reasonable explanation, the circumstances are inconsistent with any hypothesis of innocence. A reasonable explanation of the conduct of the parties in this case might well be that they were conferring with reference to future adulterous relations. However improper such a conference would be it would not constitute adultery, nor would it tend to show that adultery had been committed on that occasion. We reach the conclusion that the conviction was not supported by sufficient evidence of the fact of adultery committed on the occasion to which the evidence related, and the judgment is therefore *reversed.*