STATE OF IOWA, Appellee, v. AGNES TAYLOR, Appellant.

**Criminal law:** ADULTERY: EVIDENCE. The correspondence between one charged with adultery and her paramour is admissible in a prosecution for the offense for the purpose of showing an adulterous disposition, although prior to the time of the alleged crime.

**Same:** EVIDENCE. The evidence on this prosecution for adultery is held sufficient to support conviction.

**Same:** SUFFICIENCY OF EVIDENCE. Although mere opportunity, coupled with an adulterous disposition, is not alone sufficient to warrant conviction for adultery, still where opportunity and disposition is supplemented by evidence of the situation and position of the parties, there may be a conviction without proof of actual co-habitation.

**Same:** INSTRUCTION. Where the court clearly instructed that defendant could only be convicted upon proof beyond a reasonable doubt of adultery committed in the county, consideration of like acts or admissions outside of the county was thereby excluded, except for the purpose of showing an adulterous disposition.

**Same:** FORMER ADJUDICATION. An acquittal of one of the parties guilty of adultery is not a bar to a prosecution of the other.

**Same:** EXCESSIVE SENTENCE. The maximum sentence of three years in the penitentiary for the crime of adultery is held excessive in this case, and is reduced to three months in the county jail and a fine of $100.

*Appeal from Humboldt District Court.*—HON. D. F. COYLE,
Judge.

THURSDAY, JUNE 5, 1913.

INDICTMENT for adultery. Trial. Verdict of guilty and
sentence, from which defendant appeals.—*Affirmed.*

*Clyde C. Coyle,* for appellant.

*George Cosson,* Attorney-General, *John Fletcher,* As-
sistant Attorney-General and *John Cunningham,* County
Attorney, for the State.

WITHROW, J.—The defendant, at the time charged in
the indictment, to wit, on or about the 1st day of September,
1911, was the keeper of a boarding house at Humboldt. On
different occasions F. W. Dietz, with whom she is charged
with having committed adultery, was a visitor at her home,
and various witnesses testified to having seen them together
at different times, and at least one witness other than Peter-
son, whose testimony we will later notice, testified to having
seen them kiss each other. Dietz was married in 1894, and
this prosecution was commenced by his wife.

I.   The witness Peterson testified that he was boarding
at the home of the defendant, and that Dietz came to the
house about midnight in late August or early September,
1911, and that soon after, from the doorway
of his room across a hall, he saw the defend-
ant and Dietz together in bed in an opposite
room, and, using his own language, "fronting each other."
The fact of having illicit relations at the time, or having
then been together, is denied by both parties. In substance
this presents the direct testimony as to the act.

1   CRIMINAL
    LAW : adul-
    tery : evidence.

In addition, the state was permitted to introduce, after
identification, letters written by defendant to Dietz, and from

him to the defendant, which showed a degree of intimacy between them at times prior which, without doubt, indicated an adulterous disposition. It is not necessary to mar the record by setting them out; it is enough to say that on her part they contain statements which permit no other conclusion than that her relations with him were unlawful in the respect charged. They, however, had no direct relation to the act charged as having been committed in Humboldt county other than to show the disposition of the parties in that direction. For the purpose indicated the letters were admissible, and were proper to be considered in connection with the other evidence, should the jury find the testimony of the witness Peterson to be credible. *State v. More,* 115 Iowa, 178.

II. It is urged by appellant that the whole evidence is insufficient to sustain a conviction. The testimony of Peterson is denied, and it also is claimed that the situation of the different rooms was such that he could not, at the place where he claimed to be, have seen the parties had they been there; and, in passing upon the weight of his testimony, the jury was permitted to view the premises. We cannot presume that with the proper guards which the lower court placed about the central question, the jury would have received the testimony of Peterson as worthy of belief had it been in direct contradiction of physical conditions about the building as to material and controlling facts. The conviction which must have depended upon the evidence given by him with collateral corroboration carries with it the conclusion that the view of the premises did not render his statement, as to the facts related by him, impossible. The question of fact was one which was properly submitted, and we cannot say that the jury was not warranted in the finding reached.

III. It is further urged that, even though the testimony of Peterson be true, the position in which he saw the

defendant and Dietz did not necessarily indicate an act of
adultery, but was reasonably consistent with
other conclusions.  The letters which passed
between the parties having shown that at
least one prior act of adultery had been committed by the
parties, and strongly tending to show frequent like rela-
tions, although in another county, offered reasonable ex-
planation of the purpose of the parties at the time charged.
It is urged that mere opportunity to commit adultery, together
with an adulterous disposition, is not sufficient proof to sus-
tain such an accusation (citing *State v. Trachsel*, 150 Iowa,
135).  Such is the law.  It is wisely intended to protect one
from the erroneous conclusions which sometimes are drawn
from innocent acts.  On the other hand, it is to be considered
that were proof required of actual cohabitation, as distin-
guished from conditions and circumstances which would rea-
sonably permit no other conclusion, the statute against such
an offense would be of little practical value, excepting for its
possible deterrent effect.  Where, as in the present case,
there were combined the adulterous disposition, together
with the evidence not only of opportunity, but also of posi-
tion, the case is clearly within the rule so often stated by
this court.  See *State v. More*, 115 Iowa, 178; *State v. Schaed-
ler*, 116 Iowa, 488; *State v. Thompson*, 133 Iowa, 741-746,
747.

3. SAME: suffi-
ciency of evi-
dence.

IV.  The lower court instructed the jury with great
care that the defendant could only be convicted on proof
beyond a reasonable doubt of adultery committed by her in
Humboldt county.  This excluded from con-
sideration, save for the purpose of showing
adulterous disposition, the evidence and admission of like
acts in another place outside of that county.  There was no
error of law in admitting the letters, nor in submitting the
case to the jury.

4. SAME: instruc-
tions.

V.  After verdict the defendant moved in arrest of
judgment, averring as one of the grounds that the cause had

been adjudicated in a prior case, where Dietz was tried under
indictment for the same offense and was
acquitted. Waiving the question of the imper-
fect condition of the record, no proper proof of such trial
and acquittal having been shown, we are not advised of any
authority which would sustain such plea. The case was fairly
submitted; we find no error in the record; the jury was war-
ranted in its conclusion.

**5. SAME: former ajudication.**

VI. The trial court sentenced the defendant to impris
onment in the penitentiary for a period of not to exceed
three years. The statute authorizes punishment by imprison-
ment in the penitentiary, or by imprisonment
in the county jail with fine. The sentence
imposed was the maximum. We are inclined to think that
the purpose of the law will be as fully met by a less severe
punishment. The judgment of the lower court, therefore,
is modified to this extent: That the imprisonment of the
defendant be fixed at three months in the county jail of
Humboldt county, with a fine of $100, and that if defendant
has been imprisoned for any time since her sentence, pend-
ing this appeal, such time be credited on the sentence of
imprisonment herein fixed.

**6. SAME: excessive sentence.**

With the sentence thus modified, the judgment of con-
viction by the trial court is *Affirmed.*