## UNITED STATES OF AMERICA *v.* WONG GOON LET.

### December 5, 1916.

1. *Adultery—Evidence:* Held sufficient to warrant conviction and therefore to require submission to the jury.

2. *Same—Circumstantial evidence:* Held sufficient to authorize the jury to find the circumstances to be incapable of any reasonable explanation consistent with the innocence of the defendant.

3. *Same—Name of defendant's wife—Necessity of alleging—Variance:* Allegation of name of defendant's wife in indictment may be treated as surplusage, and variance between her name alleged and that proved, held immaterial.

*Indictment:* On motion of defendant for directed verdict.

*S. B. Kemp*, Assistant U. S. Attorney, for the United States.

*Bitting & Ozawa* for the defendant.

VAUGHAN, J. The defendant moves the court to instruct the jury to render a verdict of not guilty upon the ground

that the evidence is insufficient to prove that there was carnal intercourse as alleged in the indictment, and upon the further ground that there is a variance between the name of the wife of the defendant as alleged in the indictment and her name as shown by the evidence.

As to the first ground: There is evidence that at about six o'clock P. M. on the 30th day of June, 1916, the defendant, driving an automobile, came down Emma street in Honolulu to a Chinese store on said street just above Beretania street, and stopped at said store; and that the girl, with whom the indictment charges he had intercourse, went up to where he was sitting in the automobile, and he and the girl talked together about ten minutes; and then the defendant left in the automobile; and the girl walked up Emma street a short distance to a lane, and went into the lane. About half an hour afterwards she came out of the lane carrying an overcoat, and walked down Emma and Alakea streets to Hotel street, and turned down Hotel street towards Waikiki; she crossed Richards street and stopped at the corner of Richards and Hotel on the Waikiki side of Richards. About seven o'clock P. M. the defendant came along in an automobile and stopped at the corner where the girl was, and she jumped in the automobile and sat down beside him, and they drove off and turned down Punchbowl street when they got to it. At about eight o'clock P. M. the men who had been watching the movements of the defendant and the girl, accompanied by a companion, arrived at the house in the Kaimuki district, to which the defendant had taken the girl. There is evidence from which it would appear that the house to which the defendant took the girl was about a mile and a half or two miles from the place where she got in the automobile with him. The man who was watching, and his companion, took a street car at the corner of Nuuanu and Hotel streets at 7.30 P. M. and arrived at eight o'clock at the house where the defendant had taken the girl.

There is evidence from which the jury would be warranted in finding that the defendant had been in the house with the girl for half an hour or more before the arrival at eight o'clock of the man who was watching. At eight o'clock the defendant was in the house with the girl, his automobile with lights turned off was near the house and under some banana trees, which prevented it being seen from the street. There was no light in or about the house except a dim light in one of the upper rooms. The defendant remained in the house with the girl from the time the man who was watching arrived with his companion until he was arrested by the marshal at ten minutes after nine o'clock P. M. At nine o'clock the marshal arrived at the house, having been summoned by telephone by the man who was watching. The marshal together with the watcher and his companion, went up the stairway leading to the room in which was the dim light. The door of said room was locked. The marshal kicked it in and entered. The electric light in said room was covered with a newspaper, and there was no other light in the room or in the adjoining room in which the defendant and the girl were. The marshal turned his flash light upon the adjoining room through the door between the two rooms. By means of the flash light the marshal and the two other witnesses saw the defendant and the girl together in the adjoining room. They were both undressed; she was sitting on the side or edge of the bed and was buttoning up her drawers; she had on only her chemise and drawers. The defendant was standing beside the bed near the girl and was buttoning up his drawers. He had on only his undershirt and drawers. There is evidence of the condition of the bed, from which the jury could infer that the defendant and the girl had been lying on it together. The defendant was a full grown man, apparently between 30 and 40 years of age, and was married to another woman; and his wife was then living. The girl he was with was about 21 years old. Immediately

after breaking into the room and seeing the defendant and the girl therein, the marshal arrested the defendant and read to him a warrant for his arrest on a charge of adultery with the same girl, which was alleged to have been committed some time prior thereto. There is no evidence that the defendant at any time made or attempted to make any explanation of his presence with the girl in said house at said time to the marshal, or that he said anything about it, or that he demanded or requested an explanation by the marshal of the marshal's conduct in breaking into said room where he and the girl were. There is no evidence showing who owned the house to which defendant took the girl, but evidently he had access to it.

[1] While evidence that the defendant had an opportunity to commit the offence is not sufficient to raise any presumption against him, much less to convict, when the evidence shows not only an opportunity to commit the offense but additional circumstances which the jury could justly find to be incapable of any reasonable explanation other than that the meeting which afforded the opportunity for the intercourse was for that purpose and that the defendant availed himself of the opportunity and had intercourse with the female, the question of his guilt should be submitted to the jury for them to determine under proper instructions.

[2] Could not the jury very justly and very properly find that the defendant's presence with the girl at the house at the time, as shown by the evidence, is incapable of any reasonable explanation other than that they were there for the purpose of having intercourse?

Could not the jury very justly and very properly find that the length of time they were together with each other, both undressed, in the dark room, and their proximity to the bed when the light was flashed on them, and other circumstantial evidence, as before stated, are incapable of any

reasonable explanation other than that they had had intercourse at the time the room was entered by the marshal?

In the opinion of the court both these questions should be answered in the affirmative.

There are numerous cases in the reports, cited in the digests, in which the circumstances in evidence were not more convincing, nor less capable of reasonable explanation consistent with the innocence of the accused than the circumstances in evidence in this case, and the evidence was held by the court sufficient to warrant conviction.    It is unnecessary to review them.    It is sufficient to cite some of them:    *Ramsey v. State,* 84 S. E. 984 (Ga.);    *Cummins v. State,* 81 S. E. 366 (Ga.);    *Commonwealth v. Mosier,* 135 Pa. St. 221, 19 Atl. 943;    *State v. Schaedler,* 90 N. W. 91, 116 Iowa, 488.    For numerous other cases, see Dec. Dig., Adultery, Key number 14.

As to the second ground:

[3] The indictment not only alleges that the defendant was a married man and had a wife then living other than the woman with whom it charges he committed adultery, but it alleges that the wife's name was Wuai Kam Let. The witness who testified that he was present at the marriage of defendant to his wife, pronounced her name; but the court is unable to remember just how he pronounced it, and is unable to say whether there is any similarity between her name as pronounced by the witness and her name pronounced according to the way it is spelled in the indictment; but according to the view the court takes of the matter, it was unnecessary for the indictment to allege the name of the wife, and the allegation of it may and should be treated as surplusage; and if the evidence shows her name to be different from that alleged in the indictment, this does not constitute a material variance between the allegations and the proof because the allegation itself is unnecessary and immaterial.    The general rule is that

the proof must correspond with the allegations; and a material variance between the same is fatal; but the variance must be material and upon allegations of which proof is required. Unnecessary particularity in alleging facts which must be alleged sometimes imposes the burden of proving the particulars unnecessarily alleged; but it is unnecessary to prove facts which need not have been alleged even though they have been alleged with particularity. That the defendant was at the time of the alleged intercourse *a married man,* is a fact which it was necessary to allege. The name of his wife is another fact which it was unnecessary to allege; and the unnecessary allegation of it does not impose the burden of proving it; and a variance between the name alleged and that proved is immaterial.

The offense consists when committed by a married man with an unmarried woman, in having unlawful intercourse with her, not in being a married man, even though such intercourse would not be adultery if he were unmarried.

In order to inform the defendant fully of the accusation against him, so as to enable him to prepare his defense and be not taken by surprise, it is necessary to inform him of the name of the woman with whom he is charged with having had the unlawful intercourse, and to inform him of the fact that the prosecution proposes to prove that he was a married man at the time, and that the woman was not his wife. But what reason is there for informing him of the name of his wife? He is neither more nor less guilty or innocent, whatever his wife's name may be; and the allegation of her name in the indictment would not apprise him of anything charged against him, nor render more definite the charge against him. There are a number of cases reported in which the question has been before the court, and the authorities are abundant to sustain the proposition that the name of the defendant's wife need not be alleged

or proved. One of the latest of such cases is *Bodkins v. State,* 172 S. W. 216, decided by the Court of Criminal Appeals of Texas, in which the indictment alleged the name of the defendant's wife, but defendant contended that the court's charge was erroneous, in that it only required the jury to find that the defendant was married to another person, and did not require them to find that he was married to Lillian Bodkins, alleged in the indictment to be his wife. The court said that the allegation of the name of the wife was wholly unnecessary and was properly treated as surplusage, and cited as authority *Collum v. State,* 10 Tex. App. 712. An examination of the *Collum* case, referred to, will show that the court held that the allegation of the name of the defendant's wife, was not a descriptive averment as to the subject of the crime, such as must be proved when unnecessarily pleaded. In *Reynolds v. United States,* 103 S. W. 762, decided by the Court of Appeals of the Indian Territory, on writ of error to the United States Court for the Western District of the Indian Territory, evidently the prosecution was for a violation of the very section of the Penal Code involved in this case. I think it is apparent from the report of the case that the indictment did not allege the name of the defendant's wife, though it is nowhere specifically stated that it did not. It was held sufficient.

The digests cite many cases in which the question has been more or less involved, and after examination of them, I am of the opinion that the allegation of the wife's name is unnecessary, and that when it is alleged the allegation should be treated as surplusage.

The motion to instruct the jury to render a verdict for defendant is denied.

---

*Affirmed, Wong Goon Let v. United States,* 245 Fed. 745.