ELMONT PRESTON V. STATE OF NEBRASKA.

FILED DECEMBER 21, 1921.   No. 22279.

1. **Adultery:** EVIDENCE. Mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction, but there must be circumstances inconsistent with any other reasonable hypothesis.

2. Evidence examined and *held* not to justify a conviction of adultery.

ERROR to the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*John A. Miller* and *Thomas F. Hamer,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Heard before MORRISSEY, C. J., ALDRICH and FLANSBURG, JJ., ALLEN and MORNING, District Judges.

ALDRICH, J.

In a prosecution by the state in the district court for Buffalo county, Elmont Preston, the defendant, was convicted of sustaining adulterous relations with one Margery Hays, an 18-year-old girl, and was sentenced to imprisonment in the county jail for 60 days. The defendant below, plaintiff in error here, presents the record of his conviction to this court for review.

After a careful and painstaking examination of the record in this case, we are unable to find any evidence sufficient to justify the verdict of guilty rendered by the jury. It is admitted that Margery Hays gave birth to an illegitimate child on January 6, 1921; then she must

necessarily have had illicit relations with some one on or about the 1st of April, 1920. The information does not charge that defendant sustained adulterous relations at that date, but charges such acts were committed between September 1, 1920, and February 25, 1921. The defendant is not charged with the paternity of the child. The fact that an illegitimate child was born as a result of intercourse had before the time charged in the information tends to show the girl's adulterous disposition, but it is not charged or proved that defendant was in any way responsible for her misfortune. The record also shows that defendant was seen walking and riding with Margery Hays on several different occasions, and that he visited her home during the fall of 1920, but there is no testimony by any witness that any misconduct was noticed.

We are aware of the rule of this court that it is not necessary, to establish adultery, to have the testimony of a disinterested eye-witness. "Adultery, like any other fact, may be established by circumstantial evidence." *Reinhardt v. State,* 101 Neb. 667. In *Blue v. State,* 86 Neb. 189, this court held: "Without determining whether in all cases in a prosecution for adultery the unsupported evidence of one of the parties will justify the conviction of the other party when fully and circumstantially contradicted by the defendant and another apparently credible witness, under the circumstances shown in the record in this case, it is held that the wholly unsupported evidence of the complaining witness will not justify the conviction of the defendant."

Margery Hays did not testify at all in the instant case, when her testimony seems to have been necessary to make a record containing sufficient evidence to sustain the conviction.

In connection with the rule quoted from *Blue v. State, supra,* we would go further and hold that mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction, but there must be cir-

cumstances inconsistent with any other reasonable hypothesis. *State v. Trachsel,* 150 Ia. 135. See, also, *State v. Taylor,* 160 Ia. 328; *State v. Wiltsey,* 103 Ia. 54. "The circumstances must be such as will lead the guarded discretion of a reasonable man to the conclusion that the offense has been committed (here *State v. Way,* 5 Neb. 283, is cited in the note), and should be so cogent as to exclude every reasonable hypothesis of guilt. If the facts shown can be reconciled with innocence, they are insufficient to sustain a conviction." 2 C. J. 22, sec. 44.

We are fully convinced that the verdict rendered in this case was based on suspicion, or, perhaps, prejudice, and it should not be allowed to stand.

Counsel for defendant cite as error alleged misconduct of the prosecuting attorney during the trial of the case. In passing, we will say that there was some misconduct which is highly reprehensible, and was no doubt prejudicial; but, in view of our decision of the case, it need not be considered.

The case is

REVERSED.

Morrissey, C. J., dissents to the conclusion.