(June 1, 1922.)

STATE, Respondent, v. HAROLD M. SIMS, Appellant.

[206 Pac. 1045.]

MOTIVE OF PROSECUTION—HEARSAY—C. S., SEC. 9068—INSUFFICIENCY OF EVIDENCE—SPECIFICATION OF PARTICULARS—C. S., SEC. 8957—CORROBORATION OF ACCOMPLICE—ADULTERY—OPPORTUNITY—ADULTEROUS INCLINATION—INSTRUCTION — PREJUDICAL ERROR — SUFFICIENCY OF EVIDENCE—COMPETENCY OF WITNESS—EXAMINATION AS TO.

1. Rule of *State v. Whisler*, 32 Ida. 520, 185 Pac. 845, as to corroboration of accomplice's testimony, affirmed and followed.

2. Mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction unless the circumstances prove beyond a reasonable doubt that the crime was

committed as charged, and are inconsistent with any reasonable hypothesis other than the defendant's guilt.

3.   When there is no evidence calling for an instruction on a certain point, it should not be given.

4.   Although an instruction is given which is not called for by the evidence, it is not reversible error, when from the entire record it reasonably appears that the defendant could not have been prejudiced thereby.

5.   When an objection is made to a witness testifying on the ground he is of unsound mind, and the court overrules it, without making any preliminary inquiry, this is not reversible error, if the witness is later examined and cross-examined, and no evidence is produced showing he is of unsound mind.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Judgment of conviction for adultery. *Affirmed.*

C. M. Booth, for Appellant.

Mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction, but there must be circumstances inconsistent with any other reasonable hypothesis. (*State v. Trachsel,* 150 Iowa, 135, 129 N. W. 736.)

The evidence is insufficient to support the verdict of the jury or the judgment rendered thereon. (*State v. Trachsel, supra; People v. Turner,* 260 Ill. 84, Ann. Cas. 1914D, 144, 102 N. E. 1036.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

An instruction which informs the jury that evidence of an adulterous disposition or inclination, together with evidence of an opportunity to commit the crime, would be sufficient to justify the jury in bringing in a verdict of guilty, if the evidence satisfies them of the guilt beyond a reasonable doubt, is a correct instruction. (*State v. Eggleston,* 45 Or. 346, 77 Pac. 738.)

When assigning the insufficiency of the evidence to support the verdict or the judgment, it should be specified wherein the evidence is insufficient. (C. S., sec. 9068; *State v. Jones,* 28 Ida. 428, 154 Pac. 378; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Snook,* 34 Ida. 403, 201 Pac. 494.)

The evidence is sufficient to sustain the verdict and the judgment based thereon. (2 C. J., sec. 43, p. 22; *Monteith v. State,* 114 Wis. 165, 89 N. W. 828; *State v. Lamore,* 53 Or. 261, 99 Pac. 417; *Cummings v. State,* 14 Ga. App. 441, 81 S. E. 366; *Counts v. State,* 49 Tex. Cr. App. 329, 94 S. W. 220; *Wong Goon Let v. United States,* 245 Fed. 745; *State v. Kimball,* 74 Vt. 223, 52 Atl. 430.)

McCARTHY, J.—Defendant was convicted of adultery, and appeals to this court. His specification of errors is as follows: "The court erred (1) in giving instruction No. 20; (2) in refusing to admit testimony tending to show that this prosecution was malicious (ff. 1107 to 1112, inclusive), and in refusing to admit testimony which would explain the actions of the defendant wherein he attempted to have Ruth Emile Jester leave Twin Falls, Idaho; (3) the evidence is insufficient to support the verdict of the jury and the judgment rendered thereon.

We will consider the errors specified in the order which we consider logical for the purposes of this opinion.

We will consider the second specification first. In support of it, appellant refers to transcript folios 1107 to 1112, inclusive. It there appears that appellant's counsel offered to prove by appellant himself that he had been told by members of the Jester family that the prosecutrix, Ruth Jester, was under the complete domination of her father, had been dominated by him, and had been physically beaten by him. Undoubtedly appellant was entitled to show by competent evidence, as bearing upon the credibility of the prosecutrix as a witness, that she was dominated by her father. He offered to prove this, however, by incompetent testimony, to

wit, hearsay. The court did not err in refusing to permit the introduction of such evidence.

We turn next to the third specification of error, that the evidence is insufficient to support the verdict of the jury and the judgment rendered thereon.

C. S., sec. 9068, provides: "Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, providing, a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court."

This is an appeal from the judgment. The particulars in which the evidence is insufficient to sustain the verdict are not stated. The specification is therefore not sufficient to raise the point of insufficiency of the evidence. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Jones,* 28 Ida. 428, 154 Pac. 378.)

If, however, we waive this technical point and consider the evidence itself, we conclude that it is sufficient to support the verdict and judgment. The point attempted to be made by counsel in his brief is that there was not sufficient evidence to corroborate the testimony of the prosecutrix, who was admittedly an accomplice. C. S., sec. 8957, provides: "Sec. 8957. A conviction cannot be had on testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

This court has said: "Evidence of a material fact, which, independent of the testimony of an accomplice, tends to connect the defendant with the commission of the offense charged is sufficient to satisfy the requirements of C. S., sec. 8957." (*State v. Whisler,* 32 Ida. 520, 185 Pac. 845. See, also, *State v. Smith,* 30 Ida. 337, 164 Pac. 519; *State v.*

*Knudtson,* 11 Ida. 524, 83 Pac. 226.) Statements and actions of the defendant after his arrest, testified to by witnesses, constitute sufficient corroboration to satisfy the requirements of the statute.

We come now to the first specification of error, which raises the most serious question in the case. The court's instruction No. 20 is as follows: "You may take into consideration any evidence tending to show an opportunity upon the part of the defendant, Harold M. Sims, and Ruth Emile Jester, to commit the crime charged in the information. Evidence of an adulterous disposition or inclination, together with evidence of an opportunity to commit the crime, would be sufficient to justify you in bringing in a verdict of guilty against the defendant, if this evidence satisfies you beyond a reasonable doubt that the crime charged in the information was committed."

Appellant contends that this instruction is erroneous as a statement of law, and the giving of it is reversible error. The supreme court of Oregon has said: "When proof of an adulterous disposition on the part of each participant of an act of adultery has been produced, the commission of the crime may be inferred from evidence of an opportunity to commit the act." (*State v. Eggleston,* 45 Or. 346, 77 Pac. 738.)

The supreme court of Iowa has said: "Mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction, but there must be circumstances inconsistent with any other reasonable hypothesis." (*State v. Trachsel,* 150 Iowa, 135, 129 N. W. 736.)

The same court has said: "It is urged that mere opportunity to commit adultery, together with an adulterous disposition, is not sufficient proof to sustain such an accusation (citing *State v. Trachsel,* 150 Iowa, 135, 129 N. W. 736). Such is the law. It is wisely intended to protect one from the erroneous conclusions which sometimes are drawn from innocent acts. On the other hand, it is to be considered that were proof required of actual cohabitation, as distinguished from conditions and circumstances which

would reasonably permit no other conclusion, the statute against such an offense would be of little practical value, excepting for its possible deterrent effect. Where, as in the present case, there were combined the adulterous disposition, together with the evidence, not only of opportunity, but also of position, the case is clearly within the rule so often stated by this court." (*State v. Taylor,* 160 Iowa, 328, 141 N. W. 946.).

The supreme court of Wisconsin has said: "It is enough, to sustain conviction of adultery, that the adulterous disposition be shown to exist between the parties, and that they were together in equivocal circumstances, such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt beyond a reasonable doubt." (*Monteith v. State,* 114 Wis. 165, 89 N. W. 828. See, also, *Cummings v. State,* 14 Ga. App. 441, 81 S. E. 366.)

We disapprove of the rule laid down by the Oregon court in *State v. Eggleston, supra,* and approve the rule as laid down by the Iowa, Wisconsin and Georgia cases above cited. The form of instruction No. 20 is subject to criticism. It would have been better if the court had stated that the evidence of opportunity and adulterous disposition or inclination is sufficient to justify a conviction only if the circumstances prove beyond a reasonable doubt that the crime was committed as charged, and are inconsistent with any other reasonable hypothesis than that of the defendant's guilt. However, it will be noticed that the court said in substance that the evidence of opportunity and adulterous disposition or inclination would be sufficient to justify a verdict of guilty only if the evidence satisfied the jury beyond a reasonable doubt that the crime of adultery was committed. Fairly interpreted, this is equivalent to saying that any reasonable hypothesis other than guilt must be excluded. We conclude that the instruction is not sufficiently faulty or prejudicial as a statement of law to constitute reversible error.

Appellant also complains of this instruction on the ground that there was no evidence tending to show an adulterous

disposition or inclination of appellant and Ruth Jester toward each other, and therefore the giving of the instruction was erroneous. There is no evidence tending to show an adulterous disposition or inclination, like kissing, embracing and other acts of familiarity in the presence of others, such as are usually relied upon to show such inclination. The instruction was therefore not called for by the evidence, and should not have been given.

Appellant also criticises the instruction in that it mentions evidence of an opportunity to commit the crime. We do not think that it is subject to criticism on this score. The prosecutrix testified that she and appellant went on auto rides alone, at night, and there is some corroboration of her testimony in this respect. While the opportunity to commit the crime is not as great under such circumstances as where the parties are in a room or bed, yet we think there is evidence of opportunity.

The question narrows to this: Is the fact that the court gave an instruction as to the effect of evidence of adulterous disposition or inclination reversible error? We must assume that the jury was composed of reasonable men, of average intelligence, and that, as such, they considered the evidence. We cannot assume that they concluded there was evidence of circumstances showing an adulterous disposition or inclination simply because the court mentioned those words in his instructions, when in fact there was no such evidence. We must assume that they acted on the evidence itself. The evidence as to the statements and actions of appellant after his arrest constitute sufficient corroboration of the prosecutrix's testimony to justify a jury in finding a verdict of guilty. In the light of this evidence, we do not see how any reasonable jury could have arrived at any other result. We conclude, therefore, that the jury based its verdict upon the evidence, and could not have been influenced by the erroneous instruction in arriving at the verdict. We therefore conclude that the giving of the instruction was not reversible error.

On the argument and in his brief, counsel for appellant makes one more point which we will notice, although it is not covered by the specifications of error. At the opening of the trial, appellant's counsel stated: "The defendant objects to the examination of the witness Ruth Jester on the ground that she is incompetent to testify in that she is of unsound mind and unable to distinguish between the things which are, in fact, true, and those things which are the products of her imagination; and asks the court to make inquiry into such matter, and therewith to examine the following witnesses in relation thereto: R. T. Jester, Lida E. Jester, Hope Jester, Helen Jester, Marion Tucker, A. N. Sprague, John Harvey, W. F. Pike, Dr. H. W. Wilson, and such other persons as the court may deem necessary or advisable to examine in the premises. In support of this motion, I cite the 12th Idaho, 312."

The court overruled the objection, and the examination of the witness Ruth Jester proceeded. Appellant contends that it was reversible error for the trial judge to refuse to make a preliminary examination as to the competency of the witness. C. S., sec. 7936, provides that persons who are of unsound mind at the time of their production for examination cannot be witnesses. Appellant relies on the decision of this court in *State v. Simes,* 12 Ida. 310, 9 Ann. Cas. 1216, 85 Pac. 914. At page 317 of that opinion (12 Ida.) the court said: "Where timely objection is made to a witness testifying on the grounds of incompetency, it is unquestionably the duty of the court to make such examination as will satisfy him as to the competency or incompetency of the witness to testify in the case, and thereupon to rule on the objection accordingly. In this case the court refused to do so, but allowed the witness to testify, which act amounted to a ruling that the witness was competent. While the defendant was entitled to have his objection examined into and passed upon by the court, it is apparent to us that he has suffered no injury or loss of right on account of the action of the court (*Wright v. Southern Express Co., supra*), for the reason that the record discloses such facts as con-

Opinion of the Court—McCarthy, J.

vince us that the witness was competent to testify. The
credibility of the witness was properly left to the jury, and
has been determined by them. The prosecutrix was corrobo-
rated in several material respects. It was shown that she
was an unmarried woman; pregnancy and parturition were
established, as well as the defendant's acquaintance and
somewhat intimate association with her. It is also shown
that both before and after his arrest he had made the state-
ment that he was willing to marry her. Other damaging
statements were also shown."

What is said there is applicable to this case. The witness
was examined at length, being subjected to searching cross-
examination. Her credibility was properly left to the jury,
and determined by it. Appellant's counsel points out some
inconsistencies and contradictions in her testimony. These,
however, merely go to its weight. This court has said that
a person is not of unsound mind within the meaning of the
statute if he can comprehend the obligations of an oath, and
is capable of giving a fairly correct account of what he has
seen or heard. (*State v. Simes, supra.*) We find nothing
in the record which tends to show that the witness was of
unsound mind. We conclude that the action of the court
in refusing to make a preliminary investigation of the com-
petency of the witness was not reversible error.

The judgment is affirmed.

Rice, C. J., and Dunn, J., concur.