(No. 5127.   June 4, 1928.)

STATE, Respondent, v. DIXIE ROBERT SHELTON, Appellant.

[267 Pac. 950.]

424

L. R. Morgan and P. J. Evans, for Appellant.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

GIVENS, J.—Defendant Shelton, convicted of adultery, appeals. The particular act was charged to have been committed on or about January 1, 1926. Over defendant's objection, the prosecutrix was permitted to testify to several other meetings with defendant and especially to three additional acts of intercourse had with him in August and September, 1925, and February, 1926. Upon motion of defendant's counsel, the court required the state to elect the particular act upon which it relied for a conviction; and, the act of January 1, 1926, having been elected, counsel moved to strike all evidence of the prosecutrix covering other relations. The motion was denied.

There are thirteen assignments of error. The jury panel had been summoned by special venire. Defendant challenged the panel, insisting that he was entitled to a trial by a jury drawn according to law. The challenge was properly denied, the matter of special venire being within the court's discretion. (*State v. Steen*, 29 Ida. 337, 158 Pac. 499; *State v. Barber*, 13 Ida. 65, 88 Pac. 418.)

Nor did the court err in denying defendant's challenge to the juror, Peterson, for actual bias, and denying a requested trial of such challenge. It is discretionary with the court whether or not it will permit a challenge to a juror to be tried by other evidence than that of the juror himself. (C. S., secs. 8935, 8936.) In the absence of a showing to the contrary, it will be presumed that the defendant offered no witness in support of his challenge, and that the court was satisfied with the examination on the *voir dire.*

■ In order to prove the defendant a married man at the time of the alleged act, the witnesses, Paton and Head, testified to certain declarations of defendant referring to the latter's wife. Their testimony, coupled with that of the witness, Jensen, conclusively showed that both prior and subsequent to January 1, 1926, the defendant was residing with a woman he held out as his wife, and that such woman was one and the same. Defendant moved to strike the testimony of the two former witnesses, and complains of the court's denial of his motion, insisting that the evidence was incompetent to prove a marriage in a criminal prosecution. That such evidence was competent to establish the fact of marriage *prima facie* was held in *State v. Poulos,* 36 Ida. 453, 212 Pac. 120, and *State v. Sayko,* 37 Ida. 430, 216. Pac. 1036, both of which approved the following rule laid down in *Plummer v. State,* 27 Ga. App. 185, 108 S. E. 128:

"The fact of the marriage may be at least *prima facie* shown by any of the following methods: By proof of general repute in the family; . . . . by proof of general reputation in the community; . . . . by proof of the fact that the man or woman, as the case may be, lives together with a person of the opposite sex, as his or her spouse, with general recognition in the community of their being married to each other . . . . ''

The same rule applies to declarations and admissions of the parties. (Note to *Taylor v. Swett,* 22 Am. Dec. 156, 158.)

■ A motion to strike the testimony of prosecutrix relative to meetings other than the one on January 1st or 2d was made at the conclusion of her direct examination but no motion to elect was made until the conclusion of the state's case when an election was made. In adultery cases, evidence of acts both prior and subsequent to that with which defendant is charged is admissible to show intimacy and an adulterous inclination on defendant's part, providing the prosecution elects an act of a particular date as the act charged and introduces some evidence to

support this election. (*People v. Casiro*, 133 Cal. 11, 65 Pac. 13; *People v. Koller*, 142 Cal. 621, 76 Pac. 500; *People v. Harlan*, 29 Cal. App. 600, 156 Pac. 980.) While, therefore, the election should have been made before the evidence of other offenses was introduced, it was not prejudicial error to refuse to strike the testimony.

■ The refusal of the court to advise an acquittal was purely a matter of discretion and is not reviewable here. (*State v. Simpson*, 31 Ida. 591, 173 Pac. 748; *State v. Murphy*, 29 Ida. 42, 156 Pac. 908; *State v. Haverly*, 4 Ida. 484, 42 Pac. 506.)

■ It is urged that there was insufficient corroboration to sustain the verdict. That the prosecutrix gave birth to a child in September, 1926, is not corroborative testimony tending to connect the *defendant* with the commission of the offense alleged. There are left, therefore, but two corroborative circumstances: that defendant was a married man and that he was seen with the prosecutrix on certain occasions and inquired for her at her temporary abode on two others.

Four witnesses testified to meetings between defendant and prosecutrix, thus summarized:

One meeting in April, 1925, one in August, 1925, one in September, 1925, one in October, 1925, and one in November or December, 1925; two inquiries at prosecutrix's temporary place of abode, one in August, 1925, and one in February, 1926; two automobile rides, one in April, 1925, and one in August, 1925. No improper action, so far as the record discloses, except as testified to by the prosecutrix, took place on any of these occasions.

■ Even though the jury were justified in concluding that defendant being a married man, the meetings indicated an adulterous disposition on his part, there was in addition shown only opportunity, and that in general; no one except the prosecutrix testified that there was opportunity on the date of the alleged offense, January 1st or 2d, 1926, and there is authority that the opportunity shown

must be as to the time and place of the offense alleged. (*State v. Sheffield*, 45 Utah, 426, 146 Pac. 306.)

Prosecutrix was an accomplice. (*State v. Sims*, 35 Ida. 505, 206 Pac. 1045; 16 C. J. 678, sec. 1374.)

C. S., sec. 8957, provides:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

Construing and applying this statute as to the requisite corroboration of a prosecutrix in adultery, this court, in *State v. Sims, supra,* cited with approval *State v. Tracheal*, 150 Iowa, 135, 129 N. W. 736, as follows:

"Mere disposition and opportunity to commit adultery are not alone sufficient to justify a conviction, but there must be circumstances inconsistent with any other reasonable hypothesis."

And in the same case, the court quoted with approval from a Wisconsin case as follows:

"It is enough to sustain a conviction of adultery that the adulterous disposition be shown to exist between the parties, and that they were together in equivocal circumstances, such as would lead the guarded discretion of a reasonable man to the conclusion of guilt beyond a reasonable doubt." (*Monteith v. State*, 114 Wis. 165, 89 N. W. 828.)

In the case at bar there were no equivocal circumstances. The proof tending to connect the defendant with the commission of the offense, that is, the adultery, rested, so far as the record discloses, except for the testimony of the prosecutrix, on several innocuous meetings such as any innocent acquaintances might have had.

The corroborative evidence is insufficient to sustain the verdict. (*People v. Robbins,* 171 Cal. 466, 154 Pac. 317; *State v. Thompson,* 133 Iowa, 741, 111 N. W. 319; *State v.*

*Chaney,* 110 Iowa, 199, 81 N. W. 454; *State v. Scott,* 28 Or. 331, 42 Pac. 1; *State v. Sheffield,* 45 Utah, 426, 146 Pac. 306; *State v. Lay,* 38 Utah, 143, 110 Pac. 986.)

Defendant's requested instruction No. 2, that the prosecutrix was an accomplice, should have been given. The others, requested and refused, were fairly and properly covered in those given by the court.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.

Wm. E. Lee, C. J., and Taylor, J., concur.

Budge and T. Bailey Lee, JJ., dissent.