(June 29, 1922.)

STATE, Respondent v. SPIRO FELLIS and GEORGE GEORGANTOPULOS, Appellants.

[207 Pac. 1074.]

POSSESSION OF INTOXICATING LIQUOR—CONVICTION—APPEAL—KIND OF LIQUOR—VARIANCE—INSTRUCTION—JOINT OFFENSE—STATEMENT TO OR BY ONE OF CODEFENDANTS—WITNESS—CONTRADICTORY STATEMENT—IMPEACHMENT.

1. When the general term "intoxicating liquor" is used, and a particular kind of liquor is named under a videlicet, proof of another kind of intoxicating liquor is not a fatal variance; the naming of the precise kind of liquor not being an essential part of the description of the offense.

2. If a witness does not absolutely and unqualifiedly admit that he made at another time, a statement inconsistent with his present testimony, the adverse party should be allowed to prove such statement.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Appeal from judgment of conviction for having possession of intoxicating liquor. *Reversed.*

W. H. Witty and W. H. Anderson, for Appellants.

It is necessary to allege the kind of intoxicants under the Idaho statute in order to negative a permit, or show it is unlawful. (C. S., sec. 2628.) And when alleged it must be proven as alleged. (*State v. Hesner*, 55 Iowa, 494, 8 N. W. 329; *City of Lincoln Center v. Linker*, 5 Kan. App. 242, 47 Pac. 174; *Yoather v. State*, 5 Okl. Cr. 46, 113 Pac. 234; *Cousins v. State*, 46 Tex. Cr. 87, 79 S. W. 549; 23 Cyc. 264.)

The court erred in refusing to admit in evidence the transcript of evidence taken at the preliminary examination to impeach Devaney. (C. S., sec. 8754; 40 Cyc. 2749; Thompson on Trials, sec. 504; *People v. Hawley*, 111 Cal. 78, 43 Pac. 404; *State v. Tickel*, 13 Nev. 502; *Lanigan v. Neely*, 4 Cal. App. 760, 89 Pac. 441; *State v. Clark*, 27 Ida. 48, 59, 146 Pac. 1107.)

The court erred in permitting Devaney to relate the conversation between himself and Fellis out of the presence of Georgantopulos. (16 C. J. 667.)

Roy L. Black, Attorney General, I. E. McDougall, County Attorney, and James L. Boone, Assistant, for Respondent.

Where the information charges the possession of intoxicating liquor commonly known as whisky, proof of possession of intoxicating liquor is sufficient; the specific kind being surplusage and immaterial. (*Bullard v. United States*, 245 Fed. 837, 158 C. C. A. 177; *United States v. Simmons*, 96 U. S. 360, 24 L. ed. 819; *Coffey v. United States*, 116 U. S. 427, 6 Sup. Ct. 432, 29 L. ed. 681; *City of Florence v. Berry*, 61 S. C. 237, 39 S. E. 389; *State v. Hicks*, 179 N. C. 733, 102 S. E. 388.)

Where statements made by one codefendant are made under such circumstances that they might or might not have been heard by another, it is proper to submit them to the

jury to be considered against both defendants. (5 C. J. 668.)

Where the declarations or acts of one defendant constitute a part of the *res gestae,* they are admissible against the other defendant when made either within his presence and hearing or not. (*Payne v. State,* 10 Okl. Cr. 314, 136 Pac. 201.)

McCARTHY, J.—Appellants were convicted of having intoxicating liquor in their possession. They appeal from the judgment.

The following are the only specifications of error which we find it necessary to expressly notice: First, the evidence is insufficient to warrant a conviction since the information charges the possession of whisky while the evidence shows it to have been whisky or brandy; second, the court erred in refusing defendant's requested instruction No. 1; third, the court erred in refusing to admit the transcript of evidence taken at the preliminary examination; fourth, the court erred as to appellant Georgantopulos in permitting witness Devaney to relate a conversation between himself and appellant Fellis without the presence of Georgantopulos.

Devaney, being the only witness who claimed to have seen intoxicating liquor in the possession of the appellants, identified it as such by its appearance and smell. On cross-examination he stated that, while he thought it was whisky, it might have been brandy, there not being enough difference in the odor of the two to enable him to distinguish with certainty. On this ground appellants claim that the evidence does not show beyond a reasonable doubt that the liquor was whisky as alleged in the information. They also contend that the court erred in refusing defendant's requested instruction No. 1, which reads as follows:

"You are instructed, gentlemen, that if you believe from the evidence that it was brandy in possession of and broken by defendant Georgantopoulos instead of whisky, you are instructed to acquit the defendants, or if the evidence does

not show whether or not it was whisky or brandy then it would be your duty to find the defendants not guilty.''

"When the general term 'intoxicating liquor' is used, and a particular kind of liquor is named under a videlicet (as in this information) proof of another kind of intoxicating liquor is not a fatal variance; the naming of the precise kind of liquor not being an essential part of the description of the offense." (*State v. Petrogalli*, 34 Ida. 232, 200 Pac. 119; 23 Cyc. 264 (2), note 45, and cases cited.) This disposes of the first two specifications of error.

We will next consider the fourth specification of error. Witness Devaney testified that appellant Fellis was in his store; that the witness asked him what would be the chance to get a bottle, to which the latter replied he could get one in a few minutes; that appellant Fellis said something in Greek to appellant Georgantopulos, who appeared in the back of the store; that Fellis then cashed a $6 check for witness; that witness then walked over to the other appellant, who pulled a bottle from under his bib overalls. Appellant Georgantopulos contends that it was error to admit evidence of the conversation between the witness and appellant Fellis. Aside from the fact that there are circumstances from which the jury might reasonably have inferred that Georgantopulos overheard this conversation, the evidence was undoubtedly admitted upon the theory that there was concert of action between the two appellants. This theory is supported by the evidence that, following the conversation between the witness and Fellis, the latter spoke to Georgantopulos, who thereafter produced the bottle.

We come now to the third specification of error, which raises the most serious question in the case. As before noted, the witness Devaney was the only witness who directly testified to having seen liquor in the possession of the appellants. He testified in effect that, after the appellant Georgantopulos produced the bottle, he evidently had a change of heart and, running to the front door, threw the bottle upon the sidewalk. The witness identified the contents as whisky by the color, appearance and especially by the smell. He testified that, about an hour later on the same day,.

he returned with another witness named Wilson and picked up the fragments of the bottle. Both he and Wilson testified that the odor seemed to be that of whisky. Appellants' counsel asked the witness Devaney whether he had testified upon the preliminary examination that this occurred on the day following rather than on the same day. The witness replied that he was not positive that he had not given such testimony but that he did not remember it. Appellants offered to prove by the testimony taken at the preliminary that he had so testified, which offer was rejected by the court.

"Sec. 8039. A witness may also be impeached by evidence, that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him, with the circumstances of times, places and persons present, and he must be asked whether he made such statements, and if so, allowed to explain them. If the statements be in writing, they must be shown to the witness before any question is put to him concerning them." (C. S., sec. 8039.)

This, of course, includes a contradictory statement made by the witness while testifying at the preliminary examination. (*State v. Clark*, 27 Ida. 48, at 59, 146 Pac. 1107.) If the witness admits that he made such contradictory statement, there is no need of introducing the transcript of his testimony and to reject it would not be error. If he does not absolutely and unqualifiedly admit that he made such contradictory statement, then the adverse party should be permitted to prove that he did so. (5 Jones' Commentaries on Evidence, sec. 845, p. 204.) Counsel for the state argues that this was an attempt to impeach the witness on an immaterial matter. We do not so regard it. We cannot be sure what effect the evidence offered would have had on the minds of the jury, but it might well have had weight with them as affecting either the veracity or the accuracy of the witness. We regard this error of the court as prejudicial and requiring a reversal.

The judgment is reversed.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.