WOOD vs. THE STATE OF GEORGIA.

In a trial for fornication and adultery, for a witness to state that he knows defendant is a married man by reputation, and that he has a family of children, without more on that point, is not sufficient to support a verdict of guilty.

Criminal law. New trial. Before Judge GRICE. Bibb County. At Chambers. July 30, 1878.

Reported in the decision.

JNO. L. HARDEMAN, for plaintiff in error, cited 51 *Ga.*, 258; 53 *Ib.*, 574; *Supplement to* 33 *Ga.*, 56; 50 *Ib.*, 151; 11 *Ib.*, 52; 2 What. Am. Cr. L., §§2662, 3008; 20 *Ga.*, 442; 17 *Ib.*, 356; Hopkins' Penal Code, §1366; 2 *Ga.*, 579; 44 *Ib.*, 450.

C. L. BARTLETT, solicitor-general; R. W. PATTERSON, for the state, cited 1 Bish. on Mar. and Div., §§408, 545, 485, 490, 502; 2 *Ib.*, §§612, 647; Code, §3008; Bish. on Stat. Crimes, "Adultery,"; 23 *Ga.*, 579; 25 *Ib.*, 477; Phillips on Ev., 289, note 298; Hopkins' Penal Law, 1366; 2 Gr. on Ev., §§40–44.

WARNER, Chief Justice.

The defendant was indicted in the county court of Bibb county for the offense of "adultery and fornication," and upon his trial therefor was found guilty. The defendant presented his petition to the judge of the superior court for a *certiorari*, in which the evidence was set forth, the defendant alleging therein as error that his conviction was contrary to the evidence, and contrary to law. The judge refused to sanction the *certiorari*, and the defendant excepted.

The main ground of alleged error insisted on here was that the evidence in the record was not sufficient, under the law, to prove that the defendant was a married man. The

evidence upon that point was as follows: "The defendant is a married man; I know this by reputation; he has a family of children." Whether the defendant was a married man at the time the alleged offense was committed was the fact to have been proved by the state. The marriage of the defendant could have been proved by his own confession, or that he was living with another woman who was reputed to be his wife, or, if separated from her, that they had cohabited together as man and wife; but proof of mere reputation, unsupported by that of cohabitation, is by itself insufficient to establish a marriage. 1 Wharton's Law of Evidence, 104, §84. In cases of adultery or criminal conversation with the wife, proof of the marriage may be made by general reputation and the parties living together as man and wife. Code, §3008. The defendant may at some period of his life have been a married man and had a family of children, but it does not necessarily follow that he must have been a married man at the time the alleged offense was committed; he may have been a widower at that time. For a witness to state that he knows the defendant is a married man by reputation, without stating some woman to whom he was reputed to have been married, and with whom he cohabited, does not make an issue which the defendant can very well meet. If the defendant had been, or was, cohabiting with a woman who was reputed to be his wife, and had a family of children which he claimed to be his, that would be evidence of marriage by reputation, and as the law contemplates. In view of the evidence disclosed in the record, the refusal to sustain the *certiorari* was error.

Let the judgment of the court below be reversed.