CLARK *vs.* CASSIDY, administrator.

1. In trying an action of trover and bail, it matters not when the goods were converted by the defendant,'if the conversion was made any time within the statute of limitations.
2. One claiming the goods of an intestate by marriage, the burden is upon him to show the marriage.

62 407
86 595
62 407
95 69
62 407
s64 662
108 279
108 281
62 407
127 634
62 407
f130 163

3. Under our Code, section 3749, in all civil cases the preponderance of testimony is considered sufficient to produce mental conviction, and that preponderance is for the jury to determine, not from the mere number of witnesses on the respective sides, but from interest, opportunity and general deportment and manner of testifying, and all other circumstances affecting credit. As a general rule, in civil cases, the court should not lay stress upon doubts which may exist of the proof of a particular fact; it is enough that the evidence preponderates to satisfy the jury of the existence and truth of such fact.

4. Whilst a divided reputation that parties are husband and wife is not so strong as an undivided reputation thereof, yet each kind is evidence for the jury to weigh, and it is error to charge that if the reputation be divided, it is of little or no weight.

5 When a marriage has been proved, the relation is presumed to exist until evidence of its dissolution by divorce or death, and the party asserting the dissolution must prove it. Knowledge of the former marriage by the innocent party to the second marriage, is not requisite to render void the second marriage.

6. A verdict of divorce rendered in 1866, is not sufficient to authorize the guilty party to marry again, without the production of proof of a decree of the court establishing the right to marry again.

Trover. Title. Evidence. Husband and wife. Presumptions. New trial. Before Judge HARDEN. City Court of Savannah. November Term, 1878.

Cassidy, as administrator of Mary E. Shaffer, brought bail trover against Clark for certain described personalty. Defendant maintained that the deceased was his wife; that she died intestate and without debts, in 1877, leaving him sole heir; and that he therefore had title to the property. He also plead specially, that he was not in possession at the time proceedings were begun against him. There was no dispute as to the fact that Clark and intestate lived together, and that he remained in possession of the property after her death; but the evidence was conflicting as to whether they were married; reputation in the neighborhood was resorted to, and this also was conflicting. The jury found for the plaintiff $500.00. Defendant moved for a new trial on the following, among other grounds:

1. Because the verdict was contrary to law and the evidence.

2. Because the court failed to submit to the jury any instructions in regard to the issue made by the special plea.

3. Because the court charged, in effect, that the *onus* of proving the marriage was on Clark.

4. Because the court (after stating that the *onus* at the outset was on plaintiff, and that after proof of administration and possession in intestate at death, the *onus* was shifted to defendant) charged as follows : " The proof of the marriage must be such as to satisfy your minds. In case you are unable to make up your minds, after having heard the testimony and the arguments and consulting among yourselves, and still have such doubts that you cannot determine what to believe, such doubts must be given against the marriage, and you must find for the plaintiff, on the ground that Clark would not, in that case, have sustained the *onus* which was upon him to prove his defense. I do not mean that if you merely consider the marriage as subject to doubts you should find for the plaintiff—most cases are liable to doubts,—but only in case the doubt is such that you cannot make up your minds. If, after having heard the testimony and arguments and consulting among yourselves, you shall arrive at any belief, even though not free from doubt, that belief should be your verdict; but if you shall not be able to form a belief, the doubts which prevent the formation of the belief are to be given against him on whom is the *onus* of establishing the fact—the *onus* being on Clark in this case to establish his marriage."

5. Because the court charged as follows : "So with reputation, if the reputation is divided, some witnesses testifying that they believed them man and wife, and others that they did not, then reputation is of very little or no value to prove marriage. By divided, I do not mean equally divided. If a great many witnesses testified that they believed the parties to be man and wife, and a very few testified that

they did not consider them man and wife, you must consider their opportunities of judging, and if the reputation is really divided, and if so, in such a case reputation could not prove marriage.

6. Because the court charged as follows: "If there was a marriage between Clark and the deceased, that is the form of a marriage, and either party had a husband or wife, as the case may be, living at the time, then such marriage would be void; and it can make no difference whether he or she knew it or not, that marriage would be void; and the plaintiff in this case could recover the property if there was no other marriage that was lawful.

The motion was overruled, and defendant excepted.

R. R. RICHARDS, for plaintiff in error.

A. P. & S. B. ADAMS, for defendant.

JACKSON, Justice.

1. It is wholly immaterial when the goods were converted by the defendant, if it was done within the statute of limitations, and about that the record discloses that there is no dispute. Clark was in possession after intestate's death, and converted the effects sued for within the statute. 57 *Ga.*, 407.

2. The burden in our judgment was upon Clark to show his marriage to the intestate, as his claim to the goods rested entirely upon that allegation being true. The articles were in her possession—in her house—when she died; and that fact, with the letters of administration and conversion by defendant, cast the *onus* upon him of showing title. He claimed title from the intestate by virtue of being her husband and heir, and that she owed no debts, and his is the burden to show that title by producing proof of the marriage. This may be done by record evidence, or by witnesses who saw the ceremony performed, or heard the contract of marriage solemnized, or by such circumstances as

the act of living together as man and wife, holding themselves out to the world as such, and repute in the vicinity and among neighbors and visitors that they are such, and indeed all such facts as usually accompany the marriage relation and indicate the *factum* of the marriage. The evidence in each case is for the jury; the fact to be established is, did that relation exist at the death of this woman? and this, of course, pre-supposes that at sometime or other the contract of marriage was entered into and legally made. 1 Bish. on Marriage & Divorce, sections 247, 248, 266, 501–540; 1 Greenleaf's Ev., 105; 2 *Ib.*, 461, 464; Shelford on Marriage & Divorce, marg. p. 99; Reeve's Dom. Relations, marg. p. 60; *Dillon vs. Dillon*, 60 *Ga.*, 204. Code §1701.

3. Under the Code, the preponderance of evidence is considered sufficient to produce mental conviction in civil cases, and that is for the jury to determine. To determine it they may survey the whole field, the number of witnesses to a fact on either side, opportunity of knowing, general deportment, manner of testifying, and any other circumstances tending to throw light on the credit of the several witnesses. In civil cases, the court should not lay stress upon doubts which may exist of the proof of particular facts. It is enough if the evidence satisfies the jury of the truth of the existence of the facts testified to, by the weight or preponderance of it. Code, §3749. 56 *Ga.*, 170.

4. The reputation that parties are husband and wife existing in the neighborhood where they live, without any division of opinion at all, is certainly more conclusive, or rather, stronger evidence of the fact that they had contracted marriage, than where that reputation is divided; yet it is all for the jury to consider and weigh, and the court ought not to charge broadly that if it be divided, such reputation is of little or no weight. It might be so divided in the opinion of the jury of the number, character, deportment, interest, manner of testifying, and opportunities of knowledge in the witnesses, that the weight would be overwhelming. It

is for the jury to weigh it without intimation from the court of its opinion in regard to its weight, especially that it is of no weight if divided.

5. If the former marriage of the husband was proven in this case (and there is evidence of it), the presumption is that it exists until the same is rebutted by proof of its dissolution by divorce or death. The party asserting the dissolution by either event, must prove it according to the rules of evidence. Nor does it matter that the innocent party to the second marriage was ignorant of the first ; the second is void if either was married to another when the second was contracted, so far as the parties themselves are concerned. Code, §§1698, 1699, 1702.

6. The verdict of divorce in the case at bar, of intestate and her husband, was rendered in 1866. There was no decree, so far as the record discloses, or order authorizing the guilty party to marry again. That guilty party was this intestate. At that time, without such decree or order, such party could not marry again. Irwin's Code, §4964. There must be the production of the decree, or legal proof thereof, to authorize the guilty party, found so by the jury, to marry again.

Judgment reversed.