## LUCAS v. THE STATE.

1. A portion of a charge wherein a complete, accurate, and pertinent proposition is stated is not, in and of itself, erroneous simply because it fails to embrace an instruction which would be appropriate in connection with that proposition.

2. In order to establish the defense of alibi distinctively as such, it is incumbent upon the accused to prove by a preponderance of the testimony that he was not present at the scene of the alleged crime; but evidence offered for the purpose of proving an alibi may and should be considered in connection with all the testimony in the case with a view to determining whether or not the guilt of the ac-

cused has been established beyond a reasonable doubt. The charge on the law of alibi given in the present case was in substantial accord with the rule above stated.

3. A ground of a motion for a new trial assigning error upon the refusal of the court to rule out evidence, but not setting it forth literally or in substance, can not properly be considered.

4. The failure in the present case of the trial judge to instruct the jury that " a confession alone, uncorroborated by other evidence, will not justify a conviction," is cause for a new trial.

Argued April 23, — Decided May 11, 1900.

Indictment for murder. Before Judge Candler. DeKalb superior court. February term, 1900.

*H. C. Jones* and *Green & McKinney,* for plaintiff in error.

*J. M. Terrell, attorney-general* and *W. T. Kimsey, solicitor-general,* by *John L. Travis,* contra.

LUMPKIN, P. J. This was a trial for murder, resulting in the conviction of the accused, who excepts to the overruling of a motion for a new trial.

1. The first ground of the motion is as follows: "Because the court erred in the following portion of the charge to the jury, to wit: 'To do that, the State has offered proof of certain circumstances; in other words, the State depends, in this case, upon what is known in law as circumstantial or indirect evidence.' This is error, in that it fails to define circumstantial or indirect evidence, and to inform the jury of the distinction between direct and indirect evidence. This definition and distinction is nowhere given in the charge." It is to be observed that the movant affirmatively alleges that the court erred in using the language to which exception is taken. In other words, he complains that the court ought not to have informed the jury that the State depended upon circumstantial evidence. The only reason, however, assigned in support of this contention is, that the court did not in the same connection explain to the jury the nature of circumstantial evidence. It is obvious that this reason is illogical and untenable. If, as matter of fact, the State did depend upon circumstantial evidence, the trial judge very properly so informed the jury; and it can not possibly be true that he erred in so doing because, forsooth, he failed to do something else which would have been appropriate. That is to

say, the movant complains of an error of commission, when his real cause of complaint, if he had any at all, was that the court was chargeable with an error of omission. In this connection, see *McIver* v. *Ga. So. & Fla. Ry. Co.,* 108 *Ga.* 306, in which it appeared that exception was taken to the giving of certain propositions of law which were abstractly correct, but which were alleged to be erroneous because the court failed to give in connection therewith a certain instruction which counsel contended was pertinent and applicable to the case. With reference to this complaint it was said: "We do not think this is the proper way in which to make a question of this kind. If counsel desired any particular principle of law to be given in charge, they should have submitted to the court an appropriate request in writing. Or, if the principle in question was one necessarily involved in the trial, they ought, independently of other matters, to have excepted to the failure of the judge, even though not so requested, to charge the jury thereon."

2. The propositions of law laid down in the second headnote have been fully established by repeated decisions of this court, and the trial judge charged substantially in accord therewith.

3. Complaint is made that the court refused to rule out all of the testimony of a named witness, on the ground that the same was irrelevant. The ground of the motion for a new trial dealing with this matter fails, however, to state what the evidence in question was; and therefore, as has often been expressly ruled, the question sought to be made is not properly presented. See *Wright* v. *Willingham,* 111 *Ga.*; *Petty* v. *Railroad Co.,* 109 *Ga.* 666, and cases cited.

4. The judge charged the jury upon the law of confessions. The instructions given upon this subject were full and accurate, save only that there was an entire failure to inform the jury that an uncorroborated confession was not of itself sufficient in law to warrant a conviction. The motion for a new trial complains of the omission to give this principle in charge to the jury. Unquestionably, it ought to have been given. It is an essential and vital part of the law as to confessions, and without it no charge on this subject can be fair and complete. We think it was the imperative duty of the judge to give this rule of law in charge

to the jury in the present case, though no request to do so was presented.   He undertook to instruct the jury on the law relating to confessions, and the failure to mention this particular rule may, and probably did, leave the jury under the impression that they could lawfully render a verdict of guilty upon the confession alone.    The evidence relied on by the State as corroborative of this alleged confession was by no means strong, and it is impossible for us to know that the jury did not disregard this evidence altogether and base their verdict exclusively upon the testimony relating to the confession.    The case, at best, is close and doubtful, and it is by no means clear that the evidence warranted a conviction.    It was, therefore, essential to the fairness of the trial that the jury should have distinctly understood that they could not lawfully convict upon the confession alone, and that it was incumbent upon them to pass on and determine the all-important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence which, in connection with the confession itself, was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused.

After cautioning the jury that confessions " are to be scanned with care," the court added, " they are to be given just such weight, in a case where they are admissible in evidence, as the jury see fit to give them."    It is not at all improbable that the jury were thus led to believe that, if fully satisfied that the alleged confession was in fact made, they would be authorized to base a conviction thereon, if they saw fit to attach that much weight to the same.    If, indeed, they acted under this impression, it is obvious that their finding should not be permitted to stand; and as we have no means of determining by what particular process of reasoning they arrived at their verdict, it seems clear that the ends of justice demand that the accused should be granted a new trial.

*Judgment reversed.    All concurring, except Fish, J., absent.*