### 12379.   PLUMMER *v.* THE STATE.

BROYLES, C. J.   1. The defendant's conviction not depending wholly upon circumstantial evidence, the court did not err, in the absence of an appropriate written request, in failing to instruct the jury upon the law of circumstantial evidence.

2. There is no merit in those special grounds of the motion for a new trial that assigned error because the judge, after the verdict had been returned and before passing sentence on the defendant, stated from the bench that he thought the verdict was "eminently correct." Nor did such expression disqualify the judge from passing upon the defendant's motion for a new trial.

3. The remaining special grounds of the motion for a new trial are without substantial merit.

4. The defendant was convicted of the offense of adultery and fornication. While the evidence did not demand a finding that she was a married woman at the time of the commission of the offense charged, it was ample to authorize that finding. Such a fact may be shown either directly or circumstantially. "The fact of the marriage may be at least prima facie shown by any of the following methods: by proof of general repute in family (Civil Code (1910), § 5764); by proof of general reputation in the community (*Drawdy* v. *Hesters,* 130 *Ga.* 161, 60 S. E. 451, 15 L. R. A. (N. S.) 190; *Clark* v. *Cassidy,* 62 *Ga.* 407;

*Wood* v. *State,* 62 *Ga.* 406) ; by proof of the fact that the man or the woman, as the case may be, lives together with a person of the opposite sex as his or her spouse, with general recognition in the community of their being married to each other. *Clark* v. *Cassidy, supra." Miller* v. *State,* 9 *Ga. App.* 827 (72 S. E 279).

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1921. REHEARING DENIED JUNE 30, 1921.

Accusation of adultery and fornication; from city court of Dublin — Judge Sturgis. March 29, 1921.

*S. P. New,* for plaintiff in error.

*William Brunson, solicitor,* contra.

### ON MOTION FOR REHEARING.

BROYLES, C. J. The plaintiff in error makes a motion for a rehearing of this case, upon the ground that this court inadvertently overlooked the 12th ground of the amendment to the motion for a new trial, and the decision in *Lucas* v. *State,* 110 *Ga.* 756 (36 S. E. 87). That ground of the motion was included in the third division of the decision of this court, which was as follows:  "3. The remaining special grounds of the motion for a new trial are without substantial merit." The 12th ground of the motion complained that the court charged that " all confessions should be scanned with care and should be received with great caution." There were several exceptions to this charge, but the only one argued by counsel for the plaintiff in error, in his motion for a rehearing, is that the court erred in not charging that an uncorroborated confession was not of itself sufficient in law to warrant a conviction. We agree with counsel that the court should have so charged, but, under all the particular facts of the case, we do not think this error requires a new trial. While in *Lucas* v. *State,* supra, the broad and sweeping statement is made, that such a charge " is an essential and vital part of the law as to confessions, and without it no charge on this subject can be fair and complete," the court further on in its opinion says that " the evidence relied on by the State as corroborative of this alleged confession was by no means strong, and it is impossible for us to know that the jury did not disregard this evidence altogether and base their verdict exclusively upon the testimony relating to the confession. The case, at best, is close and doubtful, *and it is by no means clear that the evidence warranted a*

*conviction.* It was, *therefore,* essential, to the fairness of the trial that the jury should have distinctly understood that they could not lawfully convict upon the confession alone, and that it was incumbent upon them to pass on and determine the all-important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence which, in connection with the confession itself, was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused." (Italics ours.)

It is well settled that a decision of the Supreme Court should be construed in its entirety and in the light of the particular facts of the case then under review, and that a broad and sweeping ruling, applicable to all cases, is obiter and not binding on this court if such ruling was not necessary for the determination of the case. When the decision in the *Lucas* case is so construed, it merely appears that, *under the specific facts of that case,* the failure of the judge to charge the principle of law referred to was reversible error, and that the broad, general ruling, to the effect that it would be such an error in *any* case, was obiter and not binding on this court. See also *Rucker* v. *State, 2 Ga. App.* 140 (58 S. E. 295), where it was held, that where the State depended *entirely* upon a confession to authorize a conviction, it was reversible error for the court to fail to instruct the jury that a conviction was not authorized unless the confession was corroborated. The instant case was not " close and doubtful," as was the *Lucas* case, and the State did not " depend entirely upon a confession to authorize a conviction," as in the *Rucker* case. On the contrary, the evidence in the present case, *with the defendant's confession excluded,* amply authorized, if it did not demand, beyond a reasonable doubt, the verdict of guilty. It is therefore our opinion that the failure of the judge to charge as complained of does not require another trial of the case.

*Rehearing denied. Luke and Bloodworth, JJ., concur.*