(July 28, 1921.)

STATE, Respondent, v. MIKE PETROGALLI, Appellant.

[200 Pac. 119.]

INTOXICATING LIQUOR — ERRONEOUS STATEMENT BY COURT — NONPREJUDICIAL ERROR—INFORMATION—VARIANCE—INSTRUCTIONS.

1. Erroneous admission of evidence and an accompanying erroneous statement by the court are not reversible error, when the verdict of guilty is sustained by other evidence, clear and un-

contradicted, so that the jury could not have reached any other conclusion.

2. An erroneous statement of the law, made by the court in ruling on evidence, is cured by a correct statement of it in the instructions.

3. Where the information alleges the possession of "intoxicating liquor, to wit, a liquid commonly called 'Dago Red,'" proof of the possession of intoxicating liquor is sufficient to sustain a conviction, and a material variance does not arise from the fact that the proof does not show it was "Dago Red."

4. Failure of the court to give a requested instruction, which states the law correctly, is not error when the matter is fairly covered by the instructions given.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. E. C. Steele, Judge.

From a conviction of unlawful possession of intoxicating liquor, defendant appeals. *Affirmed.*

Morgan & Boom, for Appellant.

It was incumbent upon the state to prove that the liquid offered in evidence was intoxicating or fermented liquor at the date it was alleged to have been found on the premises of the defendant. (*Bandy v. State,* 13 Okl. Cr. 468, 165 Pac. 616.)

The information having named specifically Dago Red as the kind of intoxicating liquor the defendant had in his possession, it was incumbent on the state to prove that said liquid was Dago Red, and that Dago Red is an intoxicating liquor, and failure to make such proof was a fatal variance. (Bishop's New Criminal Procedure, secs. 485, 486, 488; *Smith v. State,* 7 Okl. Cr. 4, 120 Pac. 1031; *State v. Hesner,* 55 Iowa, 494, 8 N. W. 329; *Yoather v. State,* 5 Okl. Cr. 46, 113 Pac. 234; *Williams v. State,* 35 Ark. 430; *State v. Li Fieri,* 6 Boyce (Del.), 597, 102 Atl. 77; 1 Chamberlayne on Modern Law of Evidence, sec. 713; *Daniel v. State,* 149 Ala. 44, 43 So. 22; *State v. May,* 52 Kan. 53, 34 Pac. 407; *State v. McCaskey,* 97 Wash. 401, 166 Pac. 1163.)

Roy L. Black, Attorney General, and Clarence S. Hill, Assistant, for Respondent.

When requested instructions are refused and substantially covered by instructions given, no error can be predicated thereon. (*State v. Nolan*, 31 Ida. 71, 169 Pac. 295.)

Where the information charges the possession of intoxicating liquor, commonly known as "Dago Red," proof of possession of fermented liquor is sufficient, the specific name of the liquor being surplusage and immaterial. (*Bullard v. United States*, 245 Fed. 837, 158 C. C. A. 177; *United States v. Simmons*, 96 U. S. 360, 24 L. ed. 819; *Coffey v. United States*, 116 U. S. 427, 6 Sup. Ct. 432, 29 L. ed. 681; *City of Florence v. Berry*, 61 S. C. 237, 39 S. E. 389.)

Technical errors not affecting the substantial rights of the appellant must be disregarded on appeal. (*State v. Fondren*, 24 Ida. 663, 135 Pac. 265; *State v. Moon*, 20 Ida. 202, Ann. Cas. 1913A, 724, 117 Pac. 757; *State v. Gruber*, 19 Ida. 692, 115 Pac. 1; *State v. Marren*, 17 Ida. 766, 107 Pac. 993; *State v. Nolan*, 31 Ida. 71, 169 Pac. 295.)

The essence of the crime being the possession of "intoxicating liquor," no specific kind of liquor need be alleged or proven. (*State v. Busick*, 90 Or. 466, 177 Pac. 64; *State v. Sullivan*, 97 Wash. 639, 166 Pac. 1123; *Seibert v. State*, 121 Ark. 258, 180 S. W. 990; *Callahan v. State*, 2 Ind. App. 417, 28 N. E. 717.)

McCARTHY, J.—On the evening of January 20, 1919, under authority of a search-warrant, the sheriff of Latah county and his deputy searched the small store and bakery of appellant at Onaway, Idaho. In the bakery-room, back of the store, they found a barrel half full of a mixture of liquid and raisins. The wife of appellant coming out of the cellar entrance, they went in the cellar, where they found the board floor wet and a barrel, large carboy and a couple of bottles, tipped over on their sides and dripping with some liquid. There were also a couple of empty jugs that had contained liquid. The barrel was wet to within a couple of

inches of the top. Exhibits of the liquid obtained from this barrel, the bottles, and the barrel containing the liquid and raisins were taken to the chemist of the Idaho Experiment Station of the University of Idaho and by him examined the next day. He found that one exhibit contained no alcohol, one 33%, one 1.06%, two 5.16%, and one 5.24% of alcohol, and so testified.

A sample of the liquid containing the raisins was examined May 26th, and showed 18.05% of alcohol. Testimony to this effect, by the chemist, was admitted over appellant's objection, in which connection the court made the statement: "It is all right; there is a presumption that the conditions existed the same as before; you can testify as to what you found on that exhibit."

The admission of testimony in regard to the analysis of May 26th and the above statement of the court were clearly error; likewise the admission of the exhibit with relation to which the testimony was admitted was error. There was other evidence, competent, clear and uncontradicted, that appellant was in possession of fermented liquor contained in other exhibits which showed, respectively, 5.16%, 5.24% and 5.16% of alcohol upon analysis made on the following day. The liquor contained in these exhibits was taken at the same time and under the same search-warrant as that above referred to. Not only was there no contradiction of the state's evidence with reference to the exhibits containing alcohol as above set forth, but the possession of these exhibits was practically admitted by appellant in his testimony. C. S., sec. 2605, provides, and the court correctly instructed the jury, that all fermented liquors are intoxicating liquors. It must be concluded from the entire evidence in this case that the jury did not base its verdict upon the exhibit improperly admitted in evidence, but did base its verdict upon the competent and relevant evidence introduced.

The court also stated, during the progress of the trial, in the presence of the jury, "Simply two questions in this case,

did the defendant have this stuff in his possession and is it intoxicating."

The objection to this statement is that it excluded the necessity of proof on the part of the state that the said liquid was intoxicating at the time it was taken from the possession of the defendant. The error in this statement was cured by the instructions of the court in which the jury was told the state must show that the defendant knowingly had fermented liquor in his possession.

Error is also claimed on the ground that there is a fatal variance between the allegations of the information and the proof in that it is alleged that the defendant had "in his possession intoxicating liquor, to wit, a liquid commonly called 'Dago Red,'" whereas, the evidence does not show that it was Dago Red. Appellant's counsel cites cases in which it is held that, where the information alleges one specific kind of intoxicating liquor and the proof shows another specific kind, there is a fatal variance. The term "intoxicating liquor" would have been a sufficient allegation. (23 Cyc. 228, c. 2, and cases cited.) When the general term "intoxicating liquor" is used, and a particular kind of liquor is named under a videlicet, proof of another kind of intoxicating liquor is not a fatal variance, the naming of the precise kind of liquor not being an essential part of the description of the offense. (23 Cyc. 264 (2), note 45, and cases cited.) The term "Dago Red" has no well-fixed meaning of which the court will take judicial notice, and the evidence does not show just what it means. While there are some decisions which go the length of appellant's contention, we hold that there was not a material variance between the allegation and the proof.

Appellant complains of the failure of the court to give certain requested instructions, particularly one which stated that the defendant could not be convicted unless the evidence showed that the liquor was intoxicating at the time it was taken from him. This was covered in effect by the instruction which stated that the proof must show the appel-

lant had fermented liquor in his possession. The requested instructions to which appellant was entitled were sufficiently covered by the instructions given, and therefore the refusal to give the requests was not reversible error. (*State v. Curtis,* 29 Ida. 724, 161 Pac. 578.)

We have examined the other assignments of error and find none of a reversible nature. The judgment is affirmed.

Rice, C. J., and Dunn, J., concur.

Budge and Lee, JJ., dissent.