(December 27, 1922.)

## STATE, Respondent, v. GUST POULOS, Whose True Name is GUST LEMPEROPOLOUS, and LEONA BAKER, Appellants.

[212 Pac. 120.]

CRIMINAL LAW—CONVICTION OF ADULTERY—DEFECTIVE SPECIFICATION OF ERROR—EVIDENCE.

1. A general specification of error to the effect that the evidence is insufficient to sustain the verdict, without reciting the particulars in which the alleged insufficiency consists, does not comply with the requirement of C. S., sec. 9068, and under such general specification of error the court will not review the evidence in the record to determine whether or not it is sufficient to sustain the verdict.

2. *Held*, that there is sufficient competent evidence in the record to establish the fact of marriage between the defendant and Stella Brennaman at the time of the commission of the offense with which he was charged.

3. *Held*, that the trial court committed no error prejudicial to the defendant in the admission of evidence.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Conviction for crime of adultery. *Affirmed.*

Peterson & Coffin, for Appellant.

Testimony that it was generally reputed that the defendant was a married man is not sufficient to sustain a verdict of guilty in an adultery prosecution. (*Craft v. State,* 13 Ga. App. 79, 78 S. E. 776; *State v. Coffee,* 39 Mo. App. 56; *Miner v. People,* 58 Ill. 59; *Wood v. State,* 62 Ga. 406.)

An extrajudicial confession by the defendant of his marriage is not alone sufficient proof thereof to sustain a conviction. (*State v. Downing,* 23 Ida. 540, 130 Pac. 461; *Craft v. State, supra; People v. Isham,* 109 Mich. 72, 67 N. W. 819; *State v. Timmens,* 4 Minn. 325 (Gil. 241).

Evidence of opportunity alone to commit the offense of adultery is not sufficient to sustain a conviction. (*State v. Thompson,* 133 Iowa, 741, 111 N. W. 319.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

The brief of appellant shall contain a distinct enumeration of the several errors relied on. (Rule 42, Rules Supreme Court; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Snook,* 34 Ida. 403, 201 Pac. 494.)

Marriage may be established by the introduction of the original marriage license. (C. S., sec. 4608; 2 C. J., sec. 59, p. 26, note 36.)

Marriage may be established by reputation (2 C. J., sec. 58, p. 26, note 35; *Plummer v. State,* 27 Ga. App. 185, 108 S. E. 128); and by the confession of the defendant where it is corroborated by other testimony. (2 C. J., sec. 61, p. 27, note 47.)

BUDGE, J.—Appellant was convicted of adultery committed with one Leona Baker and sentenced to serve a term in the state penitentiary of not less than one nor more than three years. From the judgment of conviction this appeal is taken.

The first specification of error assigned is that the evidence is insufficient to sustain the verdict. C. S., sec. 9068, provides: " .... Upon an appeal from a final judgment of conviction if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, *Providing* a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court."

The foregoing statute has been construed by this state in the following decisions: *State v. Snook,* 34 Ida. 403, 201 Pac. 494; *State v. Maguire,* 31 Ida. 24, 169 Pac. 175. In the latter case the court said: "The only attempted specification of the insufficiency of the evidence to sustain the verdict in appellant's brief is as follows: 'and for the further grounds that the evidence is insufficient to warrant the jury in finding the defendant guilty.' This cannot be called a specification of the particulars in which the evidence is insufficient, and therefore this court cannot review the evidence contained in the record to determine whether or not it is sufficient to sustain the verdict." Appellant has failed to specify in what particular or particulars the evidence is insufficient to sustain the verdict, and under the authority of the cases cited we do not deem it necessary to examine the record to ascertain such insufficiency.

The second specification of error is that the court erred in admitting the marriage license, Exhibit "A," over objection of appellant. In this regard an examination of the record discloses the fact that the court, in ruling upon the objection made as to the admission of the exhibit, said: "It may be admitted with the understanding that it is incum-

bent upon the state to connect the defendant on trial as the same person mentioned therein, and if it is done the exhibit will be stricken on motion of the defendants.'' The record fails to show that any motion to strike the exhibit was ever made. In our opinion, even had this exhibit been stricken, there is sufficient competent evidence to establish the marriage between the appellant and Stella Brennaman and that such relationship existed up to and at the time of the commission of the offense of which the appellant was convicted.

The case of *Plummer v. State,* 27 Ga. App. 185, 108 S. E. 128, states the correct rule as to the proof of marriage, other than by record evidence, as follows: '' 'The fact of the marriage may be at least *prima facie* shown by any of the following methods: By proof of general repute in family (Civ. Code 1910, sec. 5764); by proof of general reputation in the community. (*Drawdy v. Hesters,* 130 Ga. 161 (1), 60 S. E. 451, 15 L. R. A., N. S., 190; *Clark v. Cassidy,* 62 Ga. 407; *Wood v. State,* 62 Ga. 406); by proof of the fact that the man or the woman, as the case may be, lives together with a person of the opposite sex, as his or her spouse, with general recognition in the community of their being married to each other. (*Clark v. Cassidy,* supra.)' *Miller v. State,* 9 Ga. App. 827, 72 S. E. 279.''

Appellant in his third specification of error questions the action of the trial court in permitting a witness to testify to a conversation had with Leona Baker in the presence of appellant. He was asked: ''I wish you would state what the conversation was?'' to which he replied: ''Mr. Cooper asked Miss Baker if the man we had there, Gust Poulos, was the man, and she answered 'Yes.' ''

The defendant was not prejudiced by the admission of this testimony. There is no error in the record that would justify a reversal of the judgment. The judgment is affirmed.

McCarthy, Dunn and Lee, JJ., concur.

Petition for rehearing denied.