(July 5, 1923.)

STATE, Respondent, v. LOUIS SAYKO, Appellant.

[216 Pac. 1036.]

CRIMINAL LAW—SPECIFICATIONS OF ERROR—INSTRUCTIONS—PROOF OF MARRIAGE.

1. A general specification of error to the effect that the evidence is insufficient to sustain the verdict, without reciting the particulars in which the alleged insufficiency consists, does not comply with the requirements of C. S., sec. 9068, and under such general specifications of error the court will not review the evidence in the record to determine whether or not it is sufficient to sustain the verdict.

2. Instructions given by the court on its own motion, to which no exceptions were taken or preserved in a bill of exceptions, are not reviewable on appeal.

3. It is not error for the trial court in a criminal case to refuse to give to the jury instructions requested on behalf of the defendant, where the matter embraced in such requested instructions is fairly and fully covered by other instructions given by the court.

4. Instructions must be read, considered and applied as a whole.

5. The fact of marriage may be proved other than by the record of the ceremony.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Defendant was convicted of marrying the spouse of another. *Affirmed.*

A. S. Dickinson, for Appellant.

The court misdirected the jury as shown by appellant's specifications of error Nos. 1, 2 and 3. (C. S., sec. 8285; Kerr's Cal. Pen. Code, sec. 284; *Baker v. State,* 86 Neb. 775, 126 N. W. 300, 27 L. R. A., N. S., 1097 and note.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

Upon an appeal from a final judgment of conviction, if the reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial, providing a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court. (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v. Snook*, 34 Ida. 403, 210 Pac. 494.)

An exception must be saved to an instruction given by the court on its own motion. (C. S., sec. 9012; *State v. Ford*, 33 Ida. 689, 197 Pac. 558; *State v. White*, 33 Ida. 697, 197 Pac. 824.)

Instructions must be read as a whole. (*State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Nolan*, 31 Ida. 71, 169 Pac. 295; *State v. Ramirez*, 33 Ida. 803, 199 Pac. 376; *State v. Ramirez*, 33 Ida. 803, 199 Pac. 376; *State v. Petrogalli*, 34 Ida. 232, 200 Pac. 119.)

The failure of the court to give a requested instruction which may state the law correctly is not error when the matter is fully covered by other instructions given. (*State v. Curtis, supra; State v. Petrogalli, supra.*)

Marriage may be proved by reputation. (*State v. Jeanoes*, 36 Ida. 810, 213 Pac. 1017.)

BAUM, District Judge.—Louis Sayko, appellant, was on May 27, 1921, convicted of marrying the spouse of another. From the judgment rendered on the verdict he appeals.

The evidence in the cause shows that on December 10, 1905, at Jersey City, New Jersey, Harry L. McAuley and Josephine Bassuet intermarried, and that as a result thereof four children were born, three of whom are now living and residing with them; that in May, 1920, Harry L. McAuley came to Pocatello, Idaho, and shortly thereafter met appellant, and that during July, 1920, Josephine McAuley,

accompanied by three children, arrived in Pocatello, Idaho, and was by Harry L. McAuley introduced to appellant as his, McAuley's, wife; that McAuley and his family, upon their arrival in Pocatello, resided at the Home Hotel for several months, during a greater portion of which time the appellant resided there likewise; that McAuley by profession was an engineer for the O. S. L. Railroad Company; that the McAuleys left the Home Hotel and took a home of their own consisting of three rooms, and for five or six weeks appellant resided with the McAuleys in such home, the appellant occupying one room as sleeping quarters, and McAuley and wife occupying one room as sleeping quarters, and that the appellant knew of the occupancy of the room as sleeping quarters by McAuley and wife; that certain trouble arose between the McAuleys, and there was some discussion between them about a divorce, but that no divorce was procured; that thereafter, and in March, 1921, owing to depressing financial conditions, McAuley was cut off the engineer board, and went to Idaho Falls to take a hostler's job with the same company; that McAuley procured a pass for his wife and children, and on March 26, 1921, Josephine McAuley and three children left Pocatello, Idaho, by train for Idaho Falls, Idaho; that appellant accompanied them as far as Blackfoot, Idaho, where appellant and Josephine McAuley left the train and presented themselves to the proper official of Bingham county, Idaho, and procured a marriage license, and were immediately married by the probate judge of said county; that appellant and Josephine McAuley then returned to Pocatello that evening and registered as man and wife at the Pacific Hotel, and on the following morning the appellant was arrested.

The several assignments of errors assigned by appellant may be summarized as follows:

1. Error by the court in giving instruction No. 14, in that said instruction did not contain the law applicable to the facts of the case, and is contradictory to instructions No. 11, and No. 12, and in refusing to give defendant's requested instructions No. 1 and No. 2, and in modifying and

giving special requested instruction No. 3, in that the instruction as requested correctly stated the law applicable to the case.

2. That the judgment of conviction is contrary to the law, and the verdict is unsupported by the evidence.

The court on its own motion gave instruction No. 14, to which no exception was taken or preserved in a bill of exceptions, and settled as required by law; therefore, no error can be predicated thereon, and the court will not review the same on appeal. (C. S., sec. 9012; *State v. Ford*, 33 Ida. 689, 197 Pac. 558; *State v. White*, 33 Ida. 697, 197 Pac. 824.)

Appellant contends that the evidence is insufficient to sustain the verdict but fails in his brief to state in what particular the same is insufficient. C. S., sec. 9068, provides: " . . . . Upon an appeal from a final judgment of conviction, if a reporter's transcript of the evidence appears in the record, the ground that the verdict is contrary to the evidence may be considered and determined to the same extent as on an appeal from an order denying a new trial; providing, a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court."

The foregoing statute has been construed by this court in the following decisions: *State v. Snook*, 34 Ida. 403, 210 Pac. 494; *State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v. Poulos*, 36 Ida. 453, 212 Pac. 120.

In view of appellant's failure to specify in what particular the evidence is insufficient to support the verdict, the court will not discuss the evidence to any greater extent than is necessary to intelligently pass upon the errors of law alleged to have been committed by the court in giving certain instructions and refusing to give certain requested instructions.

Instructions given by the court to the jury must be read and construed as a whole. (*State v. Curtis*, 29 Ida. 724, 161 Pac. 578; *State v. Nolan*, 31 Ida. 71, 169 Pac. 295;

*State v. Ramirez,* 33 Ida. 803, 199 Pac. 376; *State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.)

Applying the above rule, instruction No. 14 is not contradictory to instructions No. 11 and No. 12, as given by the trial court.

The court did not err in refusing to give defendant's requested instructions No. 1 and No. 2, as the matters in such requested instructions were fully covered by other instructions given. (*State v. Curtis,* 29 Ida. 724, 161 Pac. 578; *State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.)

The appellant requested the court to instruct the jury as follows:

"In criminal prosecutions, action for divorce on the ground of adultery and the like, marriage will not be inferred from matrimonial cohabitation, with the reputation of being married persons, and in such cases an actual valid marriage must be proven, and unless you find, and believe from the evidence beyond a reasonable doubt, that the complaining witness Harry L. McAuley and his purported wife Josephine McAuley, were actually and lawfully married at the time testified to by them, and after such marriage continued to, and now are, husband and wife, and were husband and wife, at the time of the marriage between the said Josephine McAuley and the defendant Louis Sayko, the jury must acquit the defendant."

The above instruction, under the facts of the case, is not a correct statement of the law. The case of *Plummer v. State,* 27 Ga. App. 185, 108 S. E. 128, states the correct rule as to the proof of marriage other than by record evidence.

"The fact of the marriage may be at least *prima facie* shown by any of the following methods: By proof of general repute in family (Civ. Code 1910, sec. 5764) by proof of general reputation in the community (*Drawdy v. Hesters,* 130 Ga. 161, 60 S. E. 451, 15 L. R. A., N. S., 190; *Clark v. Cassidy,* 62 Ga. 407; *Wood v. State,* 62 Ga. 406); by proof of the fact that the man or woman, as the case may be, lives together with a person of the opposite sex, as

his or her spouse, with general recognition in the community of their being married to each other (*Clark v. Cassidy, supra*).'' *Miller v. State,* 9 Ga. App. 827, 72 S. E. 279.

The above rule was approved in this court in the case of *State v. Poulos, supra.*

The trial court modified the above instruction and as modified it was given to the jury, and applying the above rule, the modified instruction correctly stated the law.

Appellant correctly contends that under the provisions of C. S., sec. 8285, the marriage with the husband or wife of another must be knowingly and wilfully entered into before the act of marrying constitutes a crime.

To our minds, if the evidence shows anything, it shows clearly that Harry L. McAuley and Josephine McAuley were husband and wife, and had been so, and had held themselves out to the world as such for a good many years, and that appellant had knowledge of the relationship existing between them at the time of the commission of the crime for which he was convicted.

The instructions read and considered as a whole correctly state the law.

We find no error of law in the record which would justify a reversal of the trial court.

The judgment is affirmed.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.