62940. SMITH v. THE STATE.

DEEN, Presiding Judge.

1. The evidence in this case amply supports the conviction for armed robbery although no witness positively identified the defendant. The latter entered a Majik Market in which only the cashier was present and laid on the counter a can of Coca Cola, a loaf of bread, a box of doughnuts and a package of bologna. According to the cashier he was black, tall, wearing a turtle neck and a greenish jacket, armed with a pistol carried in a shoulder holster. He ordered her to give him the bills from the drawer, which she did, and left. These facts were broadcast. Within the hour an officer spotted a driver generally matching the description. When the latter saw himself being observed he "jerkily" and without giving a traffic signal turned into a nearby motel driveway, whereupon the officer radioed for back-up and followed him in. The defendant was eventually arrested and searched. He had an empty wallet but approximately the amount of money stolen stuffed into a back pocket, a pistol in a shoulder holster, a turtleneck shirt and greenish checked jacket, and on the floor of the car a Coca Cola, bread, bologna and doughnuts. The evidence was ample to support the verdict.

2. Additionally, the defendant admitted all the circumstances of the robbery above set out in a signed statement. This was referred to by the court as an "incriminating statement," "statement" or "an alleged statement" in a lengthy and correct charge on the admissibility and evidentiary effect of such a statement (which in a preliminary statement he also once referred to as confession). The document was held admissible after a Jackson-Denno hearing, but the appellant enumerates error on the failure of the trial court to specifically instruct the jury without request that "an uncorroborated confession was not of itself sufficient in law to warrant a conviction," citing *Lucas v. State,* 110 Ga. 756 (4) (36 SE 87) (1900). *Lucas* states a salutory rule which should always be applied where "the case, at best, is close and doubtful, and it is by no means clear that the evidence warranted a conviction." Id. p. 759. In cases not fitting this definition it is obiter. *Plummer v. State,* 27 Ga. App. 185, 187 (108 SE 128) (1921), and see *Brantley v. State,* 154 Ga. 80 (113 SE 200) (1922); *Simonton v. State,* 151 Ga. App. 431 (7) (260 SE2d 487) (1979). No reversible error appears.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED DECEMBER 2, 1981.

*Cheryle T. Bryan,* for appellant.
*Thomas Pittman, District Attorney, C. Paul Bowden, Assistant District Attorney,* for appellee.